IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BEVERLY T. PETERS, individually and on behalf of others similarly situated,<br>   *PLAINTIFF*<br><br>vs.<br><br>ST. JOSEPH SERVICES CORP. d/b/a ST. JOSEPH HEALTH SYSTEM and ST. JOSEPH REGIONAL HEALTH CENTER,<br>   *DEFENDANTS* | CASE NO. 03:14-cv-00114<br><br>JURY DEMANDED |

**<u>DEFENDANTS' ST. JOSEPH SERVICES CORP. AND
ST. JOSEPH REGIONAL HEALTH CENTER
MOTION TO STRIKE AND/OR TO DENY CLASS CERTIFICATION</u>**

TO THE HONORABLE UNITED STATED DISTRICT JUDGE:

    Pursuant to Federal Rule of Civil Procedure 12(f) and 23 together with applicable jurisprudence, Defendants, St. Joseph Services Corp. d/b/a St. Joseph Health System and St. Joseph Regional Health Center (collectively herein "St. Joseph" or "Defendants") file this Motion to Strike and/or To Deny Class Certification[1] in the above-captioned matter, as set forth herein.

---

[1] This motion is being filed in response to the Plaintiff's First Amended Class Action Complaint filed on June 30, 2014, pursuant to the agreement of the parties and Court order.

## I. SUMMARY OF THE ARGUMENT

Plaintiff Beverly T. Peters purports to bring this action on behalf of herself, and all others similarly situated, arising out of an alleged data breach concerning one of St. Joseph's computer servers. The Federal Rules of Civil Procedure provide that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." *Fed.R.Civ.P. 23(c)(1)*. Opponents of a class action may move for a determination by the court that the dispute may not be maintained as a class action. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009). Defendants hereby move this Court to strike all class allegations from the Plaintiff's First Amended Complaint and to deny class certification because Plaintiff fails to satisfy the requirements for a class action under Rule 23(b) of the Federal Rules of Civil Procedure:

1. First, Plaintiff cannot establish this case is suitable for class certification based upon injunctive relief, as claims for monetary relief predominate.

2. Second, Plaintiff cannot show any harm specific to herself and common to the other members of the purported class. This issue is at the heart of Defendants' motion to dismiss for lack of standing, filed separately this day.

3. Third, Plaintiff cannot establish that this case is suitable for class certification as questions of law and fact concerning both causation and damages are individualized and not common to the class.

4. Fourth, Plaintiff cannot show class certification is superior to other forms of adjudication.

As such, Plaintiff's class allegations should be stricken from the Complaint and class certification denied.

## II.  BACKGROUND

This suit arises out of an alleged "data breach" involving one of St. Joseph's computer servers.  Specifically, it was discovered that between December 16, 2013 and December 18, 2013, a single server of St. Joseph, containing limited information relative to St. Joseph's patients and former patients, was criminally "hacked" from outside the St. Joseph system.  Upon discovery, St. Joseph took swift and immediate action to shut down the affected server.

Plaintiff initially filed suit on March 30, 2014, and then filed a First Amended Complaint on June 30, 2014, alleging that her personal identification information and personal health information, ("PII/PHI") was "stolen" from the involved server and then fraudulently used by the criminal hackers. *See First Amended Complaint.*  Plaintiff further purports to bring this suit on behalf of all Texas residents who were sent a letter or other communication by St. Joseph

notifying them that their PII and/or PHI was maintained on the St. Joseph computer server which was breached by hackers between December 16, 2013 and December 18, 2013. *First Amended Complaint, Paragraph 55.* Plaintiff further alleges that class certification is appropriate in this case based on Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3). *First Amended Complaint, Paragraphs 62-64.*

On behalf of herself and the purported class members, Plaintiff asserts various causes of action against St. Joseph for violations of federal and state statutes, as well as common law causes of action[2] arising out of the alleged data breach. *See First Amended Complaint.*

Class certification is not warranted in this case because Plaintiff cannot establish the categories contemplated by Rule 23(b).

### III. LAW AND ANALYSIS

**A.     Legal Standard for Striking Class Allegations**

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matters." *Fed.R.Civ.P. 12(f).* Federal Rule of Civil

---

[2] The Plaintiff has asserted causes of action under the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq,* ("FRCA"), Texas Medical Practice Act Tex. Occ. Code§ 241.00, *et seq.* ("TMPA"), Texas Deceptive Trade Practices Act ("DTPA"), Texas Bus. & Com. Code § 17.50 (a) (3), Texas Hospital Licensing Law Tex. Health & Safety Code § 241.001, *et seq.*("THLL"), and common law claims of negligence, gross negligence, negligence per se, breach of contract, breach of implied contract, breach of invasion of privacy by public disclosure, breach of fiduciary duty, breach of confidentiality, and assumpsit.

Procedure 23(c)(1)(A) allows, at an "early practicable time" after litigation has been filed, for a court to determine the issue of class certification. *Fed.R.Civ.P. 23(c)(1)(A)*. This rule is further extended by Rule 23(d)(1)(D) which permits litigants to file motions to strike class action complaints based on claimant's pleadings, and further allows courts to issue orders in putative class actions that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." *Fed.R.Civ.P. 23(d)(1)(D)*. "Motions to strike are a reflection of the court's inherent power to prune pleadings….to expedite the administration of justice and to prevent abuse of its process. This procedure is useful in bringing into focus issues the resolution of which govern the broader question of whether a class action is maintainable." *Bd. Of Educ. of Tp. High School v. Climatemp, Inc.,* No. 79 C 3144, 1981 WL 2033, at *2 (N.D. Ill. Feb. 20, 1981)(citations omitted)(granting motion to strike class allegations).

The Supreme Court has noted that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel.Co. of Sw. v. Falcon,* 457 U.S. 147, 160 (1982); *see also Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1006 (11th Cir. 1997) (concluding that Rule 23(b)(3)'s predominance requirement could not be satisfied, and that such failure was "readily apparent from

a reading of the….complaint.")  Courts, therefore, have not hesitated to strike class action allegations prior to the filing of motions for class certification where it was readily apparent that the Rule 23 requirements could not be satisfied. *See e.g., Pilgrim v. Universal Health Card LLC,* 660 F.3d 943, 949 (6th Cir. 2011) (affirming grant of defendant's motion to strike class allegations and noting "nothing in the rules says that the court must await a motion [for class certification] by the plaintiffs"); *Vanderbrink v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 3156596, *3 (M.D. Fla. Aug. 3, 2012) (granting motion to strike noting "where the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on the issues prior to the filing of a motion for class certification"); *Aguilar v. Allstate Fire & Cas. Ins. Co.,* No. 06-4660, 2007 WL 734809, *1, *3 (E.D. La. Mar. 6, 2007) (granting motion to strike class allegations where plaintiffs' claims would "require an intensive review of the individual facts of each class member's damage claim).  The Fifth Circuit similarly has held that the district court may dismiss class allegations prior to class discovery. *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982).

**B.    Plaintiff Cannot Satisfy Rule 23**

"Class action determinations under Rule 23 should be based on allegations set forth in the complaint." *Access Now, Inc. v. Walt Disney World Co.,* 211 F.R.D. 452, 453 (M.D. Fla. 2001).  To obtain class certification under Rule 23, the

Plaintiff must meet each of the requirements specified in Rule 23(a), as well as at least one of the three subsections of Rule 23(b). The Rule 23(a) requirements include numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). The Plaintiff bears the complete burden to prove that the case meets all of Rule 23's prerequisites. *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 614 (1997); *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005). In this case, Peters seeks class certification under Rules 23(b)(1), 23(b)(2) or 23(b)(3).

To certify a class under Rule 23(b)(1), "a plaintiff must show (1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." Fed. R. Civ. 23(b)(1)(A) & 23(b)(1)(B). The Fifth Circuit has interpreted and recognized that class certification is not appropriate when a plaintiff seeks primarily monetary damages. Specifically, the Fifth Circuit held in *Allison* that monetary relief may be obtained in a Rule 23(b)(2) class action ***only if*** the predominant relief is injunctive or

declaratory. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998). In recognition of this precedent, the Fifth Circuit has also instructed courts interpreting 23(b)(1)(A) to analyze certification through the lens of *Allison*'s predominance test. *Langbecker v. Electronic Data Sys. Corp.*, 476 F.3d 299, 318 (5th Cir. 2007). The Fifth Circuit in *Allison* has made clear that monetary relief predominates when the monetary relief being sought "is less of a group remedy and instead depends more on the varying circumstances and merits of each class member's case." *Allison*, 151 F.3d at 414. Therefore, certification of a class under rule 23(b)(1)(A) is inappropriate when the plaintiff seeks predominately monetary relief, not counterbalanced by sufficient injunctive or declaratory relief. As found in *Allison*, class certification is inappropriate under Rule 23(b)(1)(A) for individualized damage claims.

The second subsection of 23(b)(1), 23(b)(1)(B), also applies in only particular situations. The Supreme Court has held that this provision should be read narrowly and is to be applied closely to its historical antecedents. *Klein v. O'Neal, Inc.*, 7:03-CV-102-D, 2006 WL 325766 (N.D. Tex. Feb. 13, 2006) (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 842 (1999)). Class certification under Section 23(b)(1)(B) has been applied in cases where there are "claims ... made by numerous persons against a fund insufficient to satisfy all claims." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 834 (1999). This has become known as the

"limited fund" class action certification. The Supreme Court further found three necessary characteristics for limited fund class actions. *Id.* at 838-40. "The first and most distinctive characteristic is that the totals of the aggregated liquidated claims and the fund available for satisfying them, set definitely at their maximums, demonstrate the inadequacy of the fund to pay all claims." *Id.* at 838. The second characteristic is that "the whole of the inadequate fund was to be devoted to the overwhelming claims." *Id.* at 839. Finally, the third is that "the claimants identified by a common theory of recovery were treated equitably among themselves." *Id.* These characteristics are "presumptively necessary, and not merely sufficient, to satisfy limited fund rationale." *Id.* at 842.

To certify a class under Rule 23(b)(2), a plaintiff must show "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1359 (11th Cir. 2009). In 2011, the Supreme Court made clear that Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Wal-Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2557 (2011).

To certify a class under Rule 23(b)(3), Plaintiff must demonstrate (a) that questions of law or fact common to class members predominate over any questions

affecting only individual members ("predominance"); and (b) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy ("superiority"). *In re Wilborn,* 609 F.3d 748 (5th Cir. 2010); *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 739 (5th Cir. 1996); *Babineau v. Fed. Exp. Corp.,* 576 F.3d 1138, 1189-90 (11th Cir. 2009). From the face of Plaintiff's First Amended Complaint, the class allegations should be stricken.

### 1. Class Certification Under Rule 23(b)(1) is Improper as the Plaintiff Seeks Predominately Monetary Relief and Limited Funds Are Not Alleged

Plaintiff's newly asserted additional ground for class certification under Section 23(b)(1), found at Paragraph 64 of Plaintiff's First Amended Complaint, is misplaced as Plaintiff predominantly seeks monetary relief. As discussed above, the Fifth Circuit has instructed that courts utilize the predominance test found in *Allison* to determine if class certification under 23(b)(1)(A) is proper. *Langbecker,* 476 F.3d at 318. Applying the *Allison* predominance test to the facts and circumstances alleged in this case, it is clear that class certification under 23(b)(1)(A) is not appropriate because Plaintiff's own monetary claims predominate. In this suit, Plaintiff seeks actual, consequential and nominal damages, including such things as lost benefit of her bargain; deprivation of the value of her PII/PHI; diminished value of the medical services she purchased; emotional distress; and statutory damages. *See First Amended Complaint,*

*Paragraphs 148-150.* Although Plaintiff makes a claim for injunctive relief, this by no means counteracts effectively the predominance of the monetary relief sought. Moreover, the categories of monetary damages sought by Plaintiff will widely vary from person to person based upon the varying circumstances and damages suffered, if any, by each.  As such, the damages sought are not a generalized group remedy for which class certification would be appropriate under Section 23(b)(1)(A).

As referenced above, certification under 23(b)(1)(B) applies to situations where there is an allocation of limited resources. *In re Asbestos Litig.*, 134 F.3d 668, 672 n. 7 (5thc Cir. 1998). Simply put, in order to effectively certify under 23(b)(1)(B), the Plaintiff must identify a limited fund, and the class members' interests must be mutually exclusive such that the individual litigation will substantially impair the others' rights. *Id*.  Here, there is no allegation of any limited fund and/or that the proposed class raises the type of issues that are relevant to a  Rule 23(b)(1)(B) class certification.

    **2.**    **Supreme Court Precedent Prevents this Court from Certifying a Class Under Rule 23(b)(2)**

The U.S. Supreme Court has found that a class cannot be certified under Rule 23(b)(2) where "each class member would be entitled to an individualized award of monetary damages." *Dukes,* 131 S.Ct. at 2557.  In this case, Plaintiff has alleged economic damages which would be highly individualized for each putative

class member.  Specifically, Plaintiff has alleged that she and the class members "have suffered (and continue to suffer)…":

- Lost benefit of their bargains;

- Deprivation of the value of their PII/PHI in the national and international market;

- Diminished value of medical services;

- Emotional distress from the theft and compromise of their PII/PHI, the identity theft, identity fraud and/or medical fraud experienced to date and to be experienced in the future;

- Statutory damages under FCRA;

*Plaintiff's First Amended Complaint, Paragraphs , 18, 19, 54, 77, 81, 85, 96, 100, 105, 110, 115, 120, 126, 137, 141, and 148.*  Thus, each putative class member seeks monetary damages in an amount that is necessarily unique to his or her specific circumstances depending on, for example, the amount of emotional distress each suffered as a result of the data breach.  These types of inquiries are precisely what led the Supreme Court to declare Rule 23(b)(2) an improper vehicle for class certification. *Dukes,* 131 S.Ct. at 2559.  As such, Plaintiff cannot maintain class certification pursuant to Rule 23(b)(2).

### 3. The Proposed Class Cannot Be Certified Pursuant to Rule 23(b)(3) as Neither Predominance Nor Superiority Can Be Established

Plaintiff bears the burden to prove both Rule 23(b)(3)'s "predominance" requirement, i.e. that "questions of law or fact common to the members of the class

predominate over any questions affecting only individual members", and the "superiority" requirement – that "a class action is superior to other available vehicles for the fair and efficient adjudication of the controversy." *Fed.R.Civ.P. 23(b)(3).* For the reasons set forth below, these requirements cannot be established.

      **a.**    **The Proposed Class Cannot Be Certified as the Pleadings Make Clear, the Claims of Members Are Too Highly Individualized for Class Treatment**

The question of predominance "requires the court to assess how the matter will be tried on the merits, which 'entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class.'" *In re Wilborn,* 609 F.3d at 755 (quoting *O'Sullivan v. Countrywide Home Loans, Inc.,* 319 F.3d 732, 738 (5th Cir. 2003). The Court must conduct a rigorous analysis of the predominance determination. *Madison v. Chalmette Refining, L.L.C.,* 637 F.3d 551 (5th Cir. 2011).

In this case, both individual issues relative to causation and individual issues relative to damages will predominate. First, with respect to causation issues, the finder of fact will have to determine for each person what PII and/or PHI was contained on the affected server (as the information involved differs for each person); whether and in what manner any such data was used; and, whether the

conduct of St. Joseph proximately caused any damages. Moreover, the causation issue will require consideration of each individual's habits and experiences related to the use or misuse of their personal information. For instance, in a similar data breach case, the Court evaluated causation evidence specific to one individual claimant which involved the fact that the claimant did not transmit personal information over the Internet; he shredded mail containing personal information; and, that the only other known theft of his personal information occurred more than five (5) years prior to the alleged data breach incident; and noted that this factual information was personal to the one claimant and would not be true for the other members of the claim. *See Stollenwerk v. TriWest Healthcare Alliance,* CV-03-0185-PHX-SRB, (Ariz. June 10, 2008). In this case, Plaintiff Peters has attempted to set forth facts about her own individual circumstances in an attempt to show that she suffered an injury as a result of the data breach at issue.[3] However, just as in the *Stollenwerk* case, the causation facts relative to Plaintiff Ms. Peters will differ from the facts relative to each of the putative class members, and Ms. Peters' "facts" will be wholly irrelevant to the claims of any other putative class member. Accordingly, a finding by a jury that Peters' injury was caused by the

---

[3] For example, Peters has pled that she has never been a victim of a data breach other than the subject data breach; she uses different passwords and routinely changes them; she monitors her bank accounts at least every other day for irregular activity; she maintains copies of statements in a safe for five years and then personally burns them on her property. *Plaintiff's First Amended Complaint, Paragraph 12.*

subject data breach does nothing to answer the question of whether any other putative class members' alleged injuries, if they claim any at all, were caused by the data breach. Accordingly, certifying a class would be inappropriate. *See, e.g., M.P. Vista, Inc. v. Motiva Enterprises, LLC,* 286 F.R.D. 299, 312 (E.D. La. 2011) (determining causation and damages would require analysis of the specific circumstances for every class member on an individual basis).

> In another data breach case, the Court stated:
>
> The problem for the plaintiffs is that the liability of [the defendants] will not hinge on whether the data breach caused fraud-related losses; liability will depend on whether the breach caused a *particular* plaintiff's loss….Given that there are a myriad of ways in which fraud losses can occur, as well as the fact that the plaintiffs themselves have admitted the difficulty in attributing any particular loss to the data breach…, evidence of general causation will not suffice to prove the element of causation with regard to fraud-related losses on a class-wide basis.  Instead, causation will have to be determined loss-by-loss, bank-by-bank, further rendering certification inappropriate.

*In re TJX Cos. Retail Sec. Breach Litig.,* 246 F.R.D 389, 396-397 (D. Mass. 2007) (emphasis in original, internal citations omitted).  In the *TJX* case, the Court gave an example which clearly illustrates the need for individual inquiries to establish causation: "[i]f a particular instance of fraud occurred because a thief stole a cardholder's wallet and used the credit card therein, that fraud would be wholly divorced from the conduct of [the defendants]; the [plaintiff] could not recover for that loss… even if that cardholder's information was compromised in the data

breaches." *Id.* at 398. This case presents the identical issue requiring causation to be determined on a loss-by-loss basis.

The individualized causation issues in this case will predominate over any basis for class action. Each class member will have to prove how the PII and/or PHI specific to them was stolen, fraudulently used and how the damages they individually claim to have suffered related to the acts or omissions of St. Joseph, as opposed to some other theft or data breach. As the issues relative to proof of causation would predominate over common questions, this case is not suitable for class certification.

Just as the issue of causation will have to be addressed on an individual-by-individual basis, the issue of damages will likewise require such examination rendering certification inappropriate. In this case, class certification is not warranted because the claims of the purported class members would require individual determinations concerning the nature and extent, if any, of each particular claimant's damages. For example, Plaintiff's Amended Complaint seeks recovery for emotional distress. This would require inquiry on a case-by-case basis to determine on a class-wide basis, whether and to what extent each suffered emotional harm. Any evidence offered by Plaintiff Peters on these issues, and their resolution, will have no bearing on the claims of any other individual putative class member.

The Fifth Circuit has held that "[w]here the plaintiffs' damage claims `focus almost entirely on facts and issues specific to individuals rather than the class as a whole,' the potential ... that the class action may `degenerate in practice into multiple lawsuits separately tried,'" renders class treatment inappropriate. *See O'Sullivan v. Countrywide Home Loans,* 319 F.3d at 744; *see also Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 307 (5th Cir. 2003) (class actions fail where damage calculations are not susceptible to a mathematical or formulaic calculation). In this case, it may reasonably be anticipated that no two claimants will suffer the same level or type of damages if any, and therefore individualized damages issues predominate. Therefore, because common issues do not predominate, class certification would be inappropriate for this case.

Plaintiff's Amended Complaint, on its face, recites a myriad of means to acquire personal data illegally. *See Plaintiff's First Amended Complaint.* To require the parties, and the finder of facts, to attempt to determine through this proceeding: (a) whether any damage allegedly suffered by Plaintiff Peters, or any putative class member, was incurred as a result of actionable fault of St. Joseph and; (b) the nature and extent of those damages, would impose daunting fact investigation and discovery challenges on the participants. Likewise, to require determination of individual damage calculations would also impose an undue burden on the fact finder and, indeed the Parties. Clearly, individual

determinations predominate over common issues in this purported class action, therefore this Court should strike Plaintiff's class action allegations in the First Amended Complaint.

> **b.  The Proposed Class Cannot Be Certified as the Pleadings Make it Clear Class Action is Not Superior to Other Possible Procedures for Resolving These Disputes**

Superiority examines whether a class action is a better vehicle than other possible methods of adjudication, such as individual litigation or consolidation. *In re Heartland Payment Systems,* 851 F.Supp. 2d. 1040, 1059 (S.D. Texas. March 20, 2012).  In this case, given the fact that the required case-by-case analysis of both causation and damage issues will predominate over any common questions, the manageability hurdles clearly outweigh any benefits achieved from class treatment.  The management of a sprawling proceeding involving the conglomeration of over 405,000 highly individualized inquiries would be extremely burdensome and ultimately unmanageable.  As such, individual litigation would better suit any putative class member who claims a cognizable injury caused by the subject data breach.

## IV.  <u>CONCLUSION</u>

For the reasons set forth herein, Defendants respectfully request that this Court grant this its Amended Motion to Strike and/or to Deny Class Certification, and that Plaintiff's allegations of a class action be stricken as the requirements of

FRCP Rule 23 cannot be established, and for such other and further relief to which Defendants may be justly entitled.

    Respectfully submitted,

    **LEWIS BRISBOIS BISGAARD & SMITH, LLP**


      /s/ *Kent M. Adams*
    KENT M. ADAMS
    kent.adams@lewisbrisbois.com
    Federal Bar No. 246
    Texas Bar No. 00869200
    KRISTIE E. JOHNSON
    kristie.johnson@lewisbrisbois.com
    Federal Bar No. 35404
    Texas Bar No. 24038382
    Weslayan Tower, Suite 1400
    24 East Greenway Plaza
    Houston, Texas 77046
    (713) 659-6767  Telephone
    (713) 759-6830  Facsimile

    **ATTORNEYS FOR DEFENDANTS,**
    **ST. JOSEPH SERVICES CORP. &**
    **ST. JOSEPH REGIONAL HEALTH CENTER**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on this the 30th day of July 2014, in the following manner:

| | |
|---|---|
| Richard L. Coffman<br>The Coffman Law Firm<br>505 Orleans St., Ste. 505<br>Beaumont, Texas 77701 | Via U.S. Pacer System |
| Mitchell A. Toups<br>Weller, Green, Toups & Terrell, LLP<br>2615 Calder Ave., Suite 400<br>Beaumont, Texas 77702 | Via U.S. Pacer System |
| Jason Webster<br>The Webster Law Firm<br>6200 Savoy, Suite 515<br>Houston, Texas 77036 | Via U.S. Pacer System |

    /s/ ***Kent M. Adams***
    Kent M. Adams