IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BEVERLY T. PETERS, individually and on behalf of others similarly situated, | § § § § | |
| PLAINTIFF | § § | CASE NO. 03:14-CV-00114 |
| vs. | § § § | JURY DEMANDED |
| ST. JOSEPH SERVICES CORP. d/b/a ST. JOSEPH HEALTH SYSTEM and ST. JOSEPH REGIONAL HEALTH CENTER, | § § § § § § | |
| DEFENDANTS | § | |

**DEFENDANTS' ST. JOSEPH SERVICES CORP. AND
ST. JOSEPH REGIONAL HEALTH CENTER
RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF STANDING**

COME NOW Defendants St. Joseph Services Corp. d/b/a St. Joseph Health System and St. Joseph Regional Health Center (collectively "St. Joseph" or "Defendants"), who respectfully submit this Rule 12(b)(1) Motion to Dismiss for Lack of Standing in response to Plaintiff's First Amended Complaint, pursuant to the Federal Rules of Civil Procedure, as follows:

### I. INTRODUCTION

Defendants move herein for the dismissal of Plaintiff's First Amended Complaint as Plaintiff Beverly T. Peters lacks jurisdictional standing to bring this suit.

This suit arises out of an alleged data breach involving one of St. Joseph's computer servers, which occurred between December 16, 2013 and December 18, 2013. During that time, the single server was "hacked" by unauthorized person(s) outside the St. Joseph system. The server contained limited personal identification information ("PII") and limited personal health information ("PHI") for approximately 405,000 individuals. There is no evidence to date that any information contained on the server has been "stolen" or fraudulently used in any way. There is no evidence any party has suffered actual damage as a result of the breach.

Upon learning of the breach, St. Joseph responded swiftly and immediately shut down the affected server. St. Joseph commenced an investigation and notified all potentially impacted persons.

Plaintiff filed this suit on March 30, 2014, which was then amended on June 30, 2014, asserting various causes of action against Defendants for alleged violations of federal and state laws[1] as well as common law causes of action. The damages Plaintiff alleges include:

---

[1] The Plaintiff has asserted causes of action under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FRCA"), the Texas Medical Practice Act Tex. Occ. Code § 159.001, *et seq.*, ("TMPA"), the Texas Deceptive Trade Practices Act Tex. Bus. & Com. Code § 1750 (a) (3), ("DTPA"), the Texas Hospital Licensing Law, Tex. Health & Safety Code § 241.001, *et seq.*, ("THLL"), and common law claims of negligence, gross negligence, negligence *per se*, breach of contract, breach of implied contract, invasion of privacy, breach of fiduciary duty, breach of confidentiality, and assumpsit.

- Untimely and inadequate notification of the security breach/increased risk of future harm/damage;

- Deprivation of the value of Plaintiff's PII/PHI;

- Emotional distress;

- Lost benefit of her bargain/diminished value of medical services;

- Invasion of privacy;

- Breach of confidentiality/Improper disclosure of her PII/PHI;

- Economic and actual damages from identity theft, identity fraud and/or medical fraud; and,

- Statutory damages under FCRA.

*Plaintiff's Complaint, Paragraphs 7, 8, 13, 14, 16, 17, 18, 19, 54, 77, 81, 85, 90, 100, 105, 110, 115, 120, 126, 137, 141, and 148.* Because Plaintiff fails to assert any cognizable injury, Plaintiff lacks standing to pursue this litigation and accordingly this Court has no jurisdiction over this case. Accordingly, Plaintiff's claims should be dismissed in their entirety.

## II. LEGAL STANDARD

A.   **Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Standing**

When a plaintiff lacks standing, a motion to dismiss is proper under Federal Rules of Civil Procedure 12(b)(1). To have standing under Article III of the U.S. Constitution, Plaintiff has the burden to show: (1) an injury in fact; (2) a traceable causal connection between the injury and the conduct complained of; and (3) that it is likely, as opposed to merely speculative, that the injury will be "redressed by a

favorable decision." U.S. Const. Art. III; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Standing is an essential and unchanging part of the case-or-controversy requirement of Article III". *Lujan*, 504 U.S. at 560. Plaintiff must have suffered an injury in fact that is concrete, particularized, and actual or imminent, not merely conjectural or hypothetical. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147, 185 L. Ed. 2d 264 (2013); *Lujan*, 504 U.S. at 560; *McClure v. Ashcroft*, 335 F.3d 404, 409 (5th Cir. 2003). Plaintiff may not use conclusory allegations or legal conclusions "masquerading" as factual conclusions to withstand a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). In the class action context, all plaintiffs that are named must show they have been "personally" injured, and it is not enough to claim standing through the injuries of others. *Warth v. Seldin* 422 U.S. 490, 502 (1975). A district court may weigh all the evidence and resolve material factual disputes when determining its jurisdictional ability to hear the case. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). Finally, a federal court has a duty to dismiss a case for lack of standing. *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981).

**B.      12(b)(1) Motion to Dismiss for Lack of Standing in Data Breach Cases**

As a result of the recent proliferation of data breach cases filed throughout the country, various federal courts have addressed standing with respect to whether

a cognizable injury has been pled. In the recent case of *In re Barnes & Noble Pin Pad Litig.*, which is very similar to the alleged factual scenario in this case, several Barnes & Noble customers' credit card information was stolen by "skimmers," or "pin-pad hackers," who took the customers' credit information from various pin-pad devices at Barnes & Nobles' stores in nine states. *In re Barnes & Noble Pin Pad Litig.*, 12-CV-8617, 2013 WL 4759588 (N.D. Ill. Sept. 3, 2013). Plaintiffs, customers of Barnes & Noble during the relevant time period, filed suit alleging various injuries.[2] The Court dismissed the suit on a 12(b)(1) motion for lack of standing. *Id.* In analyzing the elements of claimed damage, the Court noted that "merely alleging an increased risk of identity theft or fraud is insufficient to establish standing." *Id*. at *3. Moreover, "speculation of future harm does not constitute actual injury." *Id.* at *4 (citing *Clapper*, 133 S.Ct.at 1148).

Important to this case, the Court in *Barnes & Noble* also determined that while one named plaintiff at first blush appeared to allege a cognizable injury as a result of an unauthorized credit charge, standing did not exist as the plaintiff had "not pled that actual injury resulted and that she suffered any monetary loss due to the fraudulent charge." *Id*. at *6. The court explained that in order to have alleged

---

[2] In much the same fashion as this case, plaintiffs in the *Barnes & Noble* case asserted claims for "untimely and inadequate notification of the security breach, improper disclosure of their PII, loss of privacy, expenses incurred in efforts to mitigate the increased risk of identity theft or fraud, time lost mitigating the increased risk of identity theft or fraud, an increased risk of identity theft, deprivation of the value of Plaintiffs' PII, and anxiety and emotional distress." *Id.* at *2.

an injury, plaintiff had to allege an *unreimbursed* charge to her credit card. *Id*. at *6. Because there was no allegation of unpaid, unreimbursed charges, despite the allegation of a cognizable injury, plaintiff lacked standing and the case was dismissed. *Id*.

While not specifically involving a data breach, the United States Supreme Court recently weighed in on the issue of future injury, and found that speculative future injury is not recoverable under the law. *Clapper, supra.* The U.S. Supreme Court made clear that "costs…incurred to avoid [injury]" are insufficient, even if the fear is "subjective." *Clapper,* 133 S.Ct. at 1152-1153. In *Clapper*, individuals who **feared** that they would be targeted for surveillance by the Government filed suit claiming that they suffered a present injury for future harm. *Clapper,* 133 S.Ct. at 1145-46. The Court found that future injuries and damages alone are not sufficient to establish standing under Article III. *Clapper,* 133 S.Ct. at 1148. "Threatened injury must be **certainly impending** to constitute injury in fact, and….[a]llegations of *possible* future injury are not sufficient." *Clapper*, 133 S.Ct. at 1147. In *Clapper*, the Supreme Court held that the claim for "fear of surveillance" was too "attenuated a chain of possibilities," to confer standing. *Id,* 133 S.Ct. at 1148. Further, the Court found plaintiffs' claims of costs incurred to mitigate potential future harm were insufficient to confer standing and plaintiffs cannot "manufacture" standing by so pleading. *Clapper,* 133 S.Ct. at 1151. As

long recognized by the Fifth Circuit, a plaintiff's conclusory allegations are not sufficient to allege an injury. *Rivera v. Wyeth-Ayerst Labs.,* 283 F.3d 315, 319 (5th Cir. 2002).

### III.  ARGUMENTS AND AUTHORITIES

Plaintiff Beverly Peters has not alleged sufficient grounds to establish standing under Article III.  Her allegations do not cite any unreimbursed cost, damage, or loss from any alleged identity theft or medical fraud.  Instead, she seeks recovery for possible future damages. Such claims of possible future loss are too conclusory or speculative to support standing.  Peters' complaint asserts only conclusory allegations and legal conclusions "masquerading" as factual allegations. *Fernandez-Montes*, 987 F.2d at 284.  Due to the lack of a cognizable injury, Peters lacks standing and her First Amended Complaint should be dismissed with prejudice.

**A.    Untimely and Inadequate Notice/Increased Risk of Future Harm and Damage**

Plaintiff contends in Paragraphs 44 and 53 that had she been notified sooner of the data breach she could have taken certain defensive measures earlier to mitigate her injuries. *First Amended Complaint, Paragraphs 44 & 53*.  As such, Plaintiff contends she is subject to an increased risk of long term future economic damage and other harm. *First Amended Complaint, Paragraphs 44 & 53*.  However, Plaintiff cannot establish standing under Article III on the *possibility* or

*increased risk* of future *impending* harm or damage. The U.S. Supreme Court in *Clapper* has already found that merely alleging an increased risk of identify theft or fraud is insufficient to establish standing. *Clapper,* 133 S.Ct. at 1147. *Clapper* has of course been followed in other data breach cases. *See Barnes & Noble* at *2. Nothing in Plaintiff's complaint indicates that she has suffered a "certainly impending" injury or a "substantial risk" of an injury,[3] therefore, her alleged increased risk is insufficient to establish standing.

**B.     Deprivation of Value of PII/ PHI**

Plaintiff further alleges damage in the form of "deprivation of value of her PII/PHI." *See Complaint, Paragraphs 18, 54, 77, 81, 85, 90, 100, 105, 120, 126, 137, 141, and 148.* However, Plaintiff cannot establish standing based on alleged deprivation of value of PII/PHI. Actual injury is not established unless Plaintiff could have sold her own information, but was deprived of that opportunity by an interlopers' theft and sale of that information, via a data breach. *Barnes & Noble* at *4 (citing *Yunker v. Pan dora Media, Inc.,* 11-CV-03113 JSW, 2013 WL 1282980, at *4 (N.D. Cal. Mar. 26, 2013); *LaCourt v. Specific Media, Inc.,* No. SACV 10-1256-GW(JSGx), 2011 WL 1661532, at *4-5 (C.D. Cal. April 28, 2011). Plaintiff has not alleged she intended to sell or could have sold her PII/PHI,

---

[3] A **footnote** in the *Clapper* case suggests that a "substantial risk" may confer standing when the plaintiff both pleads and proves, with concrete facts, that the defendant's action has caused the substantial risk of harm. *Clapper*, 133 S.Ct. at 1150, n5.

nor has she alleged that Defendants or any interloper sold her PII/PHI.  Rather, she merely alleges her PII/PHI was "stolen" and that in retrospect, if she could choose between having her PII/PHI stolen or selling it on the black market, she would have chosen the latter. *First Amended Complaint, Paragraph 18.*  Her complaint does not allege Plaintiff's personal PII/PHI was actually sold by anyone, but only speculates as to how certain occurrences (which caused her no damage) could have happened, and then summarily concludes that her PII/PHI must have been obtained from the data thieves. *First Amended Complaint, Paragraphs 15, 16, 17.*  These assertions fail to set forth an "actual injury" sufficient to confer standing. Speculation of a future harm does not constitute actual injury. *Clapper*, 133 S.Ct. at 1148.  As such, there is no actual injury, and therefore, no standing based on alleged deprivation of the value of Plaintiff's PII/PHI.

C.   **Emotional Distress**

In Paragraphs *19, 54, 77, 81, 85, 90, 100, 105, 120, 126, 137, 141, and 148*, the entirety of Plaintiff's basis to seek damages for emotional distress is "from the compromise of her PII/PHI, and the resulting identity theft, identity fraud, and/or medical fraud." *First Amended Complaint, Paragraphs 19, 54, 77, 81, 85, 90, 100, 105, 120, 126, 137, 141, and 148.*  Courts analyzing similar data breach cases have rejected standing based on emotional distress claims. *Barnes & Noble,* at *4; *Reilly*, 664 F.3d at 42-43.  It has been noted that any emotional harm which may

result from the data breach may be redressed through monetary damages *after* the harm actually occurs. *Id.* Despite pleading in conclusory fashion that Plaintiff is entitled to emotional distress damages for identify theft, identity fraud, and medical fraud, Plaintiff provides no basis to assess whether any such damage has been suffered to date; the nature and/or severity of the alleged distress, and/or the extreme and outrageous actions of the Defendants which she contends brought on that emotional distress. In Texas, a claim for emotional distress requires Plaintiff to plead through more than conclusory allegations that: (1) defendants acted intentionally or recklessly, (2) their conduct was extreme and outrageous, (3) their actions caused plaintiff emotional distress, and (4) the emotional distress was severe. *See Kroger Tex. Ltd. P'ship v. Suberu,* 216 S.W.3d 788, 796 (Tex. 2006). As Plaintiff has failed to allege facts to support a claim for emotional distress she has actually suffered, and as any emotional harm which may result from a future fraud is speculative, Plaintiff has not asserted a cognizable injury; therefore, Plaintiff's claim for emotional distress is insufficient to establish standing.

**D.     Diminished Value of Services/Lost Benefit of the Bargain**

Plaintiff further alleges she is entitled to economic damages for the diminished value of the medical services she paid St. Joseph to provide. *Plaintiff's First Amended Complaint, Paragraphs 19, 54, 77, 81, 85, 90, 100, 105, 120, 126, 137, 141, and 148*. Plaintiff contends she incurred damages for the lost benefit of

the bargain – that she expected a portion of the price she paid St. Joseph for health services to be spent on safeguarding her PII/PHI. *Id.; see also, Plaintiff's First Amended Complaint, Paragraphs 19, 54, 77, 81, 85, 90, 100, 105, 110, 115, 120, 126, 137, 141, and 148.* However, the Amended Complaint is void of any factual allegations demonstrating damage actually incurred. Plaintiff cites no document or receipt to establish that any portion of her payment for services was to be specifically allotted to security of her PII/PHI. Again, this argument has been unsuccessfully made in similar cases. *See Barnes & Noble* at *4. There are no allegations that St. Joseph charged Plaintiff a higher price for her health services for this added "service." As such, this theory is insufficient to establish standing.

**E.     Invasion of Privacy**

Plaintiff contends that she is entitled to damages for "invasion of privacy". *See Plaintiff's First Amended Complaint, Paragraphs 19, 54, 77, 81, 85, 90, 100, 105, 120, 126, 137, 141, and 148.* As stated in Defendants' Rule 12(b)(6) Motion to Dismiss, Defendants contend that Plaintiff has stated a claim upon which relief may be granted for Invasion of Privacy, and reasserts those claims here as if copied *in extenso*. However, for purposes of this Rule 12(b)(1) Motion to Dismiss relative to the issue of standing, as the Supreme Court of the United States has held, plaintiff must show that the alleged injury is "fairly traceable to the challenged action of the defendant, and not…the result of the independent action of some third

party not before the court." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). When the action of third parties not before the Court causes plaintiff's injuries, the Supreme Court has found that the causal link with the defendant is too weak to support standing. *Allen v. Wright*, 468 U.S. 737, 759 (1984). In this case, Plaintiff has alleged that third-party criminals accessed St. Joseph's system, then stole and disseminated her PII/PHI. She does not contend that St. Joseph willfully and intentionally disclosed the information. As the invasion of privacy complained of is alleged to be the result of the actions of the independent, third-party criminal hackers, the causal link is too weak to support standing.

**F      Breach of Confidentiality/Improper Disclosure of Plaintiff's PII/PHI**

Plaintiff claims economic damages as a result of breach of confidentiality/improper disclosure of her PII/PHI. *See Plaintiff's First Amended Complaint, Paragraph 19, 77, 81, 85, 90, 100, 105, 120, 126, 137, 141, and 148.* As stated in Defendants' Rule 12(b)(6) Motion to Dismiss, Defendants aver that no cause of action for breach of confidentiality is recognized under Texas law, and reasserts those claims here as if copied *in extenso*. However, for purposes of this Rule 12(b)(1) Motion to Dismiss relative to the issue of standing, standing requires that "the plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. Here, Plaintiff

alleges only conclusory claims of hypothetical or potential damages, and in her First Amended Complaint attempts to dodge standing requirements by alleging conclusory claims for "actual damages." Further, Plaintiff attempts to claim breach of confidentiality based on the mere fact that a hacking incident occurred. *See Plaintiff's First Amended Complaint, Paragraph 19.* However, Plaintiff has alleged no actual injury or facts to support the allegation that her personal data was visible to the third-party criminal "hackers." Plaintiff seeks to establish her personal information was stolen simply because certain limited personal data was present on the St. Joseph server at the time of the alleged data breach. Courts have found that "the inference that data was stolen, based merely on a security breach, is too tenuous to support a reasonable inference that can be made in Plaintiff's favor." *Barnes & Noble,* at *3. Plaintiff makes no substantive allegations supporting a claim for an injury-in-fact that is either actual, imminent, or redressable. The mere assertion of damages for "breach of confidentiality" and economic damages and other actual harm throughout the complaint is the type of conclusory pleading disallowed in the Fifth Circuit. *See Rivera v. Wyeth-Ayerst Labs.,* 283 F.3d 315, 319 (5th Cir. 2002); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). As such, Plaintiff's claim for breach of confidentiality/improper disclosure of PII/PHI fails to confer standing.

## G.  Economic and Actual Damages from Identity Theft, Identity Fraud, and/or Medical Fraud

In Plaintiff's Amended Complaint, Peters claims economic and actual damages from identity theft, identity fraud, and/or medical fraud resulting from the data breach. *Plaintiff's First Amended Petition, Paragraphs 4, 19, 32, 54, 77, 81, 85, 100, 105, 120, 126, 137, 141, and 148.* The purported factual bases for these claimed damages are allegations that: (a) someone ***attempted*** to make an unauthorized charge on her Discover credit card; (b) friends and family began receiving spam emails from her Yahoo email account; (c) an "unidentified fraudster" accessed her Amazon account, and another ***attempted*** to access that account by using her son's name; and, (d) Peters received phone calls and marketing materials from solicitors. *See Plaintiff's First Amended Complaint, Paragraphs 13-17.* The Plaintiff claims all of these incidents resulted from the data breach; however, these conclusory statements do not support any actual injury-in-fact. To wit: (a) Peters declined to approve the ***attempted*** unauthorized charge on her Discover card; (b) while spam email are alleged to have been sent from her Yahoo email account to family and friends, there is no alleged monetary or unreimbursed amount claimed; (c) no injury is alleged to have resulted from the attempted/access to the Amazon account; and, (d) no injury has resulted from the alleged phone calls and/or receipt of marketing materials from solicitors. *Plaintiff's First Amended Complaint, Paragraph 13-17.* When a plaintiff fails to

claim any unreimbursed or actual loss or injury, plaintiff does not allege injury sufficient to confer standing. *Willingham v. Global Payments, Inc.*, 1:12-CV-01157-RWS, 2013 WL 440702 (N.D. Ga. Feb. 5, 2013); *In re Barnes & Noble* 2013 WL 4759588 at *4-5; see also, *In re Michaels Stores Pin Pad Litig.,* 830 F.Supp.2d 518, 527 (N.D. Ill. 2011). The failure of Plaintiff to allege that she was not reimbursed for any alleged charges is a result of her inability to plead actual identity theft. *Willingham v. Global Payments, Inc.*, supra. While the court is to consider the Plaintiff's allegations as true, this Circuit has never allowed conclusory allegations of a Plaintiff to confer standing. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) To do otherwise would allow the courts jurisdictional doors to burst open through such cleverly worded complaints. Accordingly, the Plaintiff's allegations of identity theft, identity fraud, and/or medical fraud leading to economic damages, without any actual allegations to support such claims, is insufficient to confer standing, accordingly these claims should be dismissed.

## H. Peters Claims for FCRA Statutory Damages Are Not Sufficient to Confer Standing

While maintaining its claims in Defendants Rule 12(b)(6) Motion to Dismiss that Plaintiff has failed to state a valid claim upon which relief may be granted, for purposes of this motion, without any cognizable or redressable injury-in-fact, Plaintiff's mere assertion of entitlement to FCRA statutory damages is not

sufficient to plead Article III standing. Plaintiff has not, and cannot, assert any basis that evidences actual, concrete and particularized injury. There is no causal link that ties any violation of FCRA, even if Defendants were regulated under the FCRA which St. Joseph contends they are not, to any particularized injury. This Plaintiff has not, and cannot, assert any actual cognizable injury that has occurred which has left her any unreimbursed or unaddressed damage. Despite any conclusory statement to the contrary, Peters' true allegations result from speculative injury without any basis to believe that there is such possibility of imminent future harm. As the Supreme Court held in *Clapper*, the fear of future injury is not sufficient to confer standing. Further, Plaintiff's attempt to cite to statutory provisions under the FCRA is not analogous to claiming actual injury. As held by the Supreme Court, Article III Standing is not simply removed and dismissed from the court's jurisdictional analysis by the Congressional imposition of a statute. *Summer v. Earth Island Inst.*, 555 U.S. 488, 497 (2009). Further, the Supreme Court has held that "Congress cannot erase Article III standing… by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Raines v. Byrd*, 521 U.S. 811, 820 n. 3 (1997). Accordingly, the Plaintiff has no standing to bring her claims based upon the conclusory assertion of entitlement to FCRA statutory damages.

## IV.  CONCLUSION

Standing is "an indispensable part of the plaintiff's case…." *Lujan,* 504 U.S. at 561.  Because Plaintiff has failed to establish standing with respect to any of her claimed damages, this case should be dismissed.

Accordingly, Defendants respectfully request that this motion be granted and that Plaintiff's claims be dismissed with prejudice, as Plaintiff has failed to allege any cognizable actual injury as a result of her various alleged causes of action.  In the alternative, Defendants ask this Court to dismiss such of Plaintiff's allegations as the Court sees fit, as well as any other relief, in law or equity, to which Defendants may be justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**


 /s/ *Kent M. Adams*
KENT M. ADAMS
kent.adams@lewisbrisbois.com
Federal Bar No. 246
Texas Bar No. 00869200
KRISTIE E. JOHNSON
kristie.johnson@lewisbrisbois.com
Federal Bar No. 35404
Texas Bar No. 24038382
Weslayan Tower, Suite 1400
24 East Greenway Plaza
Houston, Texas 77046
(713) 659-6767  Telephone
(713) 759-6830  Facsimile

**ATTORNEYS FOR DEFENDANTS,
ST. JOSEPH SERVICES CORP. &
ST. JOSEPH REGIONAL HEALTH CENTER**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on this the 30th day of July 2014, in the following manner:

| | |
|---|---|
| Richard L. Coffman | Via U.S. Pacer System |
| The Coffman Law Firm | |
| 505 Orleans St., Ste. 505 | |
| Beaumont, TX 77701 | |

Mitchell A. Toups                                Via U.S. Pacer System
Weller, Green, Toups & Terrell, LLP
2615 Calder Ave., Suite 400
Beaumont, TX 77702

Jason Webster                                    Via U.S. Pacer System
The Webster Law Firm
6200 Savoy, Suite 515
Houston, TX 77036


                                        /s/ ***Kent M. Adams***
                                        KENT M. ADAMS