# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| **BEVERLY T. PETERS, individually and on behalf of others similarly situated,** | § § § | |
| *PLAINTIFF* | § | **CASE NO. 03:14-CV-00114** |
| | § | |
| **vs.** | § | **JURY DEMANDED** |
| | § | |
| **ST. JOSEPH SERVICES CORP. d/b/a ST. JOSEPH HEALTH SYSTEM and ST. JOSEPH REGIONAL HEALTH CENTER,** | § § § § § | |
| *DEFENDANTS* | § | |

## DEFENDANTS' ST. JOSEPH SERVICES CORP. AND ST. JOSEPH REGIONAL HEALTH CENTER RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

COME NOW Defendants St. Joseph Services Corp. d/b/a St. Joseph Health System and St. Joseph Regional Health Center (collectively "St. Joseph" or "Defendants"), and make this Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, and pursuant to the Federal Rules of Civil Procedure, show as follows:

# I. __INTRODUCTION__

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move for dismissal of Plaintiffs' claims of violations of (1) the Federal Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.,* ("FCRA"), (2) the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.50 (a) (3), *et seq.,* ("DTPA"), (3) claims for breach of contract/implied contract, (4) Invasion of Privacy, (5) Emotional Distress; (6) Negligence and Negligence Per Se; (6) Violation of Texas Medical Practice Act, Tex. Occ. Code §159.001, *et seq.,*Texas Hospital Licensing Law, Tex. Health & Safety Code §241.001, *et seq.*, and Breach of Fiduciary Duty, and (7) Breach of Confidentiality, each for failure to state a claim upon which relief may be granted.  Moreover, as Plaintiff has failed to state a claim upon which relief may be granted pursuant to FCRA, this case presents no federal question, and therefore this Court lacks jurisdiction and accordingly this case should be dismissed.

This suit arises out of an alleged data breach involving one of St. Joseph's computer servers, which occurred between December 16, 2013 and December 18, 2013.  During that time, the single server was "hacked" by unauthorized person(s) outside the St. Joseph system.  The server contained limited personal identification information ("PII") and limited personal health information ("PHI") for approximately 405,000 individuals.  There is no evidence to date that any

information contained on the server has been "stolen" or fraudulently used in any way.  There is no evidence any party has suffered actual damage as a result of the breach.

Upon learning of the breach, St. Joseph responded swiftly and immediately shut down the affected server.  St. Joseph commenced an investigation and notified all potentially impacted persons.

Plaintiff originally filed suit on March 30, 2014, and filed her First Amended Complaint on June 30, 2014, asserting various causes of action arising out of the alleged breach, including alleged violations of federal and state laws[1] as well as common law causes of action.  However, as a matter of law, Plaintiff has failed to state a claim upon which relief may be granted with respect to the alleged violations of FCRA.  Plaintiff's FCRA claims fail, as a matter of law, because St. Joseph is a healthcare provider, not a "consumer reporting agency" as described under FCRA and further because the PII/PHI at issue was not "furnished" by St. Joseph, rather it was potentially exposed as a result of the criminal acts of third party "hackers" outside the St. Joseph system.  As the sole allegation which seeks to confer federal question jurisdiction on this Court is wholly without merit, this

---

[1] The Plaintiff has asserted causes of action under the Federal Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, ("FRCA"), the Texas Medical Practice Act Tex. Occ. Code § 159.001, *et seq.*, ("TMPA"), the Texas Deceptive Trade Practices Act Tex. Bus. & Com. Code § 17.50 (a) (3), ("DTPA"), the Texas Hospital Licensing Law, Tex. Health & Safety Code § 241.001, *et seq.*, ("THLL"), and common law claims of negligence, gross negligence, negligence *per se*, breach of contract, breach of implied contract, invasion of privacy, breach of fiduciary duty, breach of confidentiality, and assumpsit.

Court should dismiss not only Plaintiff's FCRA claims, but also all her other claims as well.

Alternatively, even if a valid FCRA claim could be found, which is denied, Plaintiff has failed to state a claim upon which relief may be granted for violation of FCRA, negligence/negligence per se, breach of contract/breach of implied contract, violation of the Texas DTPA, and breach of fiduciary duty as there are no allegations of an actual cognizable injury sustained as a result the alleged acts/omissions of Defendants.

Furthermore, Plaintiff has failed to state a valid claim for violation of the DTPA, breach of contract and/or breach of implied contract, invasion of privacy, emotional distress, negligence and/or negligence per se pursuant to HIPAA, violation of the Texas Medical Practice Act and/or Texas Hospital Licensing Law, breach of fiduciary duty, or breach of confidentiality upon which relief may be granted. Specifically, the DTPA claim fails as Plaintiff is not a "consumer" as required to bring a claim under this statute, and Plaintiff has failed to allege the elements necessary for a misrepresentation claim under the DTPA. Similarly, Plaintiff has not alleged the elements of a contract or any actionable breach thereof, or the elements required to maintain a claim for emotional distress. Additionally, HIPAA does not allow a private cause of action and cannot be used to support Plaintiff's negligence and/or negligence per se claims. Moreover,

Plaintiff has failed to allege a public disclosure and/or dissemination to a large group by these Defendants to maintain a valid claim upon which relief may be granted for invasion of privacy.  Furthermore, Plaintiff fails to state a valid claim upon which relief may be granted for violations of the Texas Medical Practice Act, Texas Medical Licensing Law, and Breach of Fiduciary Duty, as each of these causes of action requires a "disclosure" of confidential medical information; rather, Plaintiff instead claims that her PII/PHI was criminally taken by hackers outside of the St. Joseph system.  Finally, Plaintiff fails to state a valid claim upon which relief may be granted for breach of confidentiality as no such claim is recognized by Texas law.  Accordingly, Defendants request that this Court dismiss Plaintiff's causes of action as set forth herein, with prejudice, in accordance with Federal Rule of Civil Procedure 12(b)(6).

## II.  <u>LEGAL STANDARD</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a cause of action may be dismissed if it fails to state a claim of relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001). Facial

plausibility exists where a complaint pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. A plaintiff must plead facts "plausibly suggesting" liability, not just "merely consistent with" a right to relief. *Twombly*, 550 U.S. at 557. The factual allegations in the Complaint must raise the right to relief beyond a speculative level. *Twombly*, 550 U.S. at 545.

### III.   ARGUMENT AND AUTHORITIES

**A.    As a Matter of Law, Plaintiff Fails to State a FCRA Claim Upon Which Relief May Be Granted**

Plaintiff Peters pleads federal question jurisdiction via her claims of violations of FCRA, 15 U.S.C. §1681, *et seq. See Plaintiff's First Amended Complaint, Paragraphs 5, 9, 66-80.* Plaintiff contends St. Joseph, a healthcare service provider, willfully or negligently violated FCRA as a result of criminal acts of unauthorized individuals, outside the St. Joseph system, who allegedly circumvented established security measures and "hacked" one of St. Joseph's computer servers.  However, because St. Joseph is not a "consumer reporting agency" and did not "furnish" any credit reports, under the facts at issue in this case, Plaintiff cannot state a FCRA claim upon which relief may be granted.

#### 1.     St. Joseph is Not a "Consumer Reporting Agency" Under FCRA

Congress enacted FCRA to regulate "consumer reporting agencies" that accumulate consumer credit histories and then regularly make that information

available to third parties via consumer reports. *Holmes v. Countrywide Fin. Corp.,* No. 08-CV-00205, 2012 U.S. Dist. LEXIS 96587, 2012 WL 2873892, at *15 (W.D. Ky. July 12, 2012)(citing 15 U.S.C. §1681).  FCRA applies only to entities that are "consumer reporting agencies".   15 U.S.C. §1681, *et seq.; Strautins v. Trustwave Holdings, Inc.,* 2014 U.S. Dist. LEXIS 32118 (N.D. Ill., March 12, 2014).   FCRA defines a "consumer reporting agency" as one that "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).  The Fifth Circuit and other courts construing §1681a(f) have restricted the type of entities which constitute a "consumer reporting agency." *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 265 (5th Cir. 2000) (consumer reporting agencies include companies such as "Equifax and CSC which maintain credit information on consumers and provide it to third parties."); *Willingham v. Global Payments, Inc.,* No. 1:12-CV-01157-RWS, 2013 U.S. Dist. LEXIS 27764, 2013 WL 440702, at *13 (N.D. Ga. Feb. 5, 2013) (recommending dismissal of FCRA claims in a data breach case where the plaintiffs failed to demonstrate that the defendant met the definition of a "consumer reporting agency").

Entities that utilize consumer reports for "business, commercial[,] or professional purposes" are not considered "consumer reporting agencies" under the FCRA. *McCready v. eBay, Inc.*, 453 F.3d 882, 889 (7th Cir. 2006), (quoting *Ippolito v. WNS, Inc.,* 864 F.2d 440, 452 (7th Cir. 1988). Further, courts have held that the terms "assemble and evaluate" mean more than "receipt and retransmission of information." *Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1579 (11th Cir. 1988).

In this case, Plaintiff cannot show that St. Joseph is a "consumer reporting agency." As asserted by Plaintiff, St. Joseph is a healthcare provider servicing the health needs of individuals at its hospitals and health care facilities throughout various counties in Texas. *Plaintiff's First Amended Complaint, Paragraphs 20 and 21.* Plaintiff concedes as much when she states that she "purchased and received **health care services** from St. Joseph and its affiliated physicians at several of its health care facilities." *Plaintiff's First Amended Complaint, Paragraph 11; see also First Amended Complaint, Paragraph 73.*

While Plaintiff alleges in her complaint that St. Joseph is a "consumer reporting agency" under FCRA "because on a cooperative nonprofit basis and/or for monetary fees, St. Joseph regularly (i) received, assembled, and/or evaluated Plaintiff's and Class Members' "consumer credit information" and/or "medical information" protected by FCRA (*i.e.*, their PII/PHI) for the purpose of furnishing

consumer reports to third parties, and (ii) used the means and/or facilities of interstate commerce to prepare, furnish, and transmit consumer reports containing Plaintiff's and Class Members' PII/PHI to third parties," this is nothing more than a conclusory statement. *See Plaintiff's First Amended Complain, Paragraph 74.* Plaintiff incorrectly attempts to broaden the application of "consumer reporting agency" under this statute by including in the Complaint allegations that St. Joseph transmits consumer reports "…for the ultimate purposes of, *inter alia*, establishing Plaintiff's and Class Members' eligibility for health care services, confirming whether such health care services were covered by their health insurance and/or securing payment for the provision of such health care services…" *Plaintiff's First Amended Complaint, Paragraph 74.* This argument fails for two reasons. First, courts have previously found that FCRA "applies only to 'consumer reports' which are used for consumer purposes; '[i]t does not apply to reports utilized for business, commercial or professional purposes.'" *McCready v. eBay, Inc.,* 453 F.3d 882, 889 (7th Cir.2006). Second, entities like St. Joseph, that simply pass on information are not credit reporting agencies. *See DiGianni v. Stern's*, 26 F.3d 346, 348 (2d Cir. 1994) ("Retailers such as Stern's and Bloomingdale's that merely furnish information to consumer reporting agencies based on their experience with consumers are not "consumer reporting agencies" within the meaning of FCRA"); *Smith,* 837 F.2d at 1579 (The Act is not "directed to those who supply information

on individual debts to ... consumer reporting agencies, nor to those who are remote from those decision makers who rely upon 'consumer reports' in making credit and other decisions."). Instead, St. Joseph acquires information for one purpose, to facilitate providing healthcare services, and it is not a "consumer reporting agency" or in the business of credit reporting.   St. Joseph is not in the realm of credit agencies such as Equifax, Experian, and CSC that accumulate data and provide assessments as to the creditworthiness of consumer credit applicants.   Accordingly, because Plaintiff cannot state a claim under FCRA upon which relief can be granted, because as a matter of law St. Joseph is not a "consumer reporting agency," Defendants are entitled to a dismissal of Plaintiff's FCRA claims.

### 2. St. Joseph Did Not "Furnish" Data as Required by FCRA

For a violation of FCRA, consumer data must be inappropriately "furnished." 15 U.S.C. §1681b.  The allegations of Plaintiff in this case establish as a matter of law that St. Joseph did not "furnish" any consumer data.  Rather, Plaintiff has alleged that the consumer data was "stolen" from St. Joseph by third-party criminals outside the St. Joseph system. *See e.g. Plaintiff's First Amended Complaint, Paragraph 2.*

This precise issue has been analyzed by other Courts in data breach cases. Specifically, in *Willingham v. Global Payments, Inc.*, a case which involved a data hacking incident, the Court noted that FCRA does not provide a definition for

"furnish." *Willingham v. Global Payments, Inc.*, 1:12-CV-01157-RWS, 2013 WL 440702 (N.D. Ga. Feb. 5, 2013) (citing to Holmes, 2012 WL 2873892, at *15-16). As such, by application of other opinions dealing with the same issue, the Court in *Willingham* stated that "furnishing," for purposes of FCRA, involves the act of transmitting information to another. *Id.* As the data in *Willingham* had been stolen, the district court dismissed the FCRA claim with prejudice on the basis that the data was not "furnished." *Id.*

Here, in an almost identical scenario, St. Joseph was the victim of having its computer server criminally "hacked." Defendants deny that there is any evidence that any information contained on that server was "stolen." To the extent such theft can be shown, there was no voluntary "furnishing" of any information by St. Joseph to another. As the unauthorized infiltration of St. Joseph's server was not a transmittal from one party to another, but rather a taking, FCRA is not satisfied and Plaintiff does not properly state a claim for relief. Accordingly, this provides additional grounds for the dismissal of Plaintiff's FCRA claims.

### 3.    Plaintiff Does Not State a Valid Claim Under FCRA for Injunctive Relief

The Fifth Circuit has long held that FCRA does not permit private litigants to pursue claims for injunctive relief under that Act. Only the Federal Trade Commission ("FTC") is granted authority to seek such injunctive relief. *Washington v. CRC Credit Services, Inc.*, 199 F.3d 263, 268-69 (5th Cir. 2000)

(holding that the affirmative grant of power to the FTC to pursue injunctive relief without the same grant to private litigants when they are expressly granted the right to obtain damages and other relief, showed injunctive relief was available solely with the FTC). Because Congress had the opportunity to provide private litigants with the opportunity to bring claims for injunctive relief and did not, Plaintiff in this case has failed to state a valid claim for injunctive relief as a result of any FCRA violation. Accordingly, Plaintiff's claim for injunctive relief, based on FCRA, should be dismissed.

### 4.     Without a Valid FCRA Claim, All Other Claims Should Be Dismissed as Federal Question Jurisdiction is Lost

As Plaintiff fails to state a claim of relief under her only Federal cause of action, 15 U.S.C. § 1681 (FCRA), this Court should dismiss this case in its entirety, as Plaintiff's remaining claims arise solely under state law. Peters' only basis on which to assert subject matter jurisdiction in this Court was federal question jurisdiction, 28 U.S.C. §1331. *Plaintiff's First Amended Complaint, Paragraph 9.* As this Court is aware, §1331 grants Federal District Courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Here, Plaintiff's sole basis for asserting federal jurisdiction is pursuant to her allegations under FCRA, 15 U.S.C. §1681. As shown above, FCRA does not apply to Defendants because: (1) St. Joseph is not a "consumer reporting agency" and (2) no consumer credit

information was "furnished" by St. Joseph.  These two grounds support dismissal of Plaintiff's FCRA claims, and such dismissal will negate any basis from which Plaintiff can assert Federal Jurisdiction under 28 U.S.C. §1331. All other claims remaining in Plaintiff's Complaint are state law claims.  Pursuant to 28 U.S.C. §1367, "the district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— ... (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367.

This Court should dismiss Plaintiff's complaint in its entirety, as Plaintiff has failed to state a claim upon which relief can be granted pursuant to federal law, and as a result Plaintiff's remaining claims are based solely on state law causes of action. The Supreme Court and Fifth Circuit both agree that if all federal law claims are dismissed prior to trial, a district court should dismiss the state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998); *Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").

Upon dismissal of Plaintiff's FCRA claims, all of Plaintiff's federal question claims before this Court fail, and federal question jurisdiction is lost.  Therefore, in accordance with the law of this Circuit, Plaintiff's pendent state law causes of action should likewise be dismissed for lack of jurisdiction.

**B.      Plaintiff Fails to State a Claim Upon Which Relief May Be Granted for Violation of FCRA, Negligence/Negligence Per Se, Breach of Contract/ Implied Breach of Contract, Violation of Texas DTPA  and  Breach  of Fiduciary Duty**

Plaintiff's claims of violation of FCRA[2], Negligence[3]/Negligence Per Se[4], Breach of Contract/Implied Breach of Contract[5], DTPA[6], and Breach of Fiduciary Duty[7] all require that actual, compensable damages result to the Plaintiff as a result of the Defendants' acts/omissions.   Here, Plaintiff has not alleged any actual, unreimbursed compensable injury or damage caused by the acts/omissions of these Defendants.   Courts evaluating data breach cases have dismissed these causes of

[2] *Johnson v. Wells Fargo Home Mortgage, Inc.*, 558 F. Supp. 2d 1114, 1122 (D. Nev. 2008) ("Because Plaintiff alleges both a willful and a negligent violation of the FCRA, his next step is to show he suffered actual damages because of Defendant's violation") & ("The FCRA does not presume actual damages for a negligent or willful failure to comply with any of its requirements. Plaintiff bears the burden of proving that his damages were, in fact, caused by Defendant's violation.").

[3] *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). (a negligence claim requires that the breach of a legal duty by the defendant proximately caused the plaintiff's injuries).

[4] *Moughon v. Wolf*, 576 S.W.2d 603, 604 (Tex. 1978). (a negligence per se claim requires that the violation of a statute proximately caused the resulting damages to the plaintiff).

[5] *Southwell v. University of the Incarnate Word*, 974 S.W.2d 351, 354-55 (Tex. App.- San Antonio 1998, pet. denied.) (a breach of contract/implied contract requires damages resulting from the breach).

[6] *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996) (a DTPA claim requires that the defendant's actions were a producing cause of the plaintiff's damages).

[7] *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App. 2006) (a breach of fiduciary duty claim requires that the defendant's breach resulted in injury to the plaintiff).

action on Rule 12(b)(6) grounds for failure of the plaintiff to assert actual, unreimbursed damages - allegations of fraudulent charges, without more, do not sufficiently provide a compensable injury or damage. *See In re Hannaford Bros. Data Sec. Breach Litig.*, 613 F. Supp. 2d 108, 133-34 (D. Me. 2009) (dismissed for lack of injury when Plaintiffs alleged fraudulent charges, but did not claim that they were unreimbursed); *Hendricks v. DSW Shoe Warehouse, Inc.*, 444 F. Supp. 2d 775, 777 (W.D. Mich. 2006)(dismissing case where plaintiffs failed to allege she had been held liable for any fraudulent charges to a credit or debit card); *Resnick v. AvMed, Inc.*, No. 1:10-cv-24513-JLK, 2011 WL 1303217, at *2 (S.D. Fla. Apr. 5, 2011); *In re Barnes & Noble Pin Pad Litig.*, 12-CV-8617, 2013 WL 4759588.  Further, the Supreme Court has held that claims for increased risk of future harm is not an injury itself. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147, 185 L. Ed. 2d 264 (2013); *Williams v. Manchester*, 228 Ill.2d 404, 320 Ill.Dec. 784, 888 N.E.2d 1, 13 (2008).

In this case, Plaintiff has not claimed any unpaid or unreimbursed charges[8]; therefore, Plaintiff fails to state a claim upon which relief may be granted.  Instead, Plaintiff's Amended Complaint makes only conclusory allegations of "economic damages and other actual harm" which fails to apprise the Court, or these

---

[8] In fact, while Plaintiff's Original Complaint alleged in a conclusory form that she had suffered "out of pocket" expenses, her amended complaint has removed all such references. *See, e.g., Plaintiff's Original Complaint, Paragraph 16.*  As such, it would appear that Plaintiff concedes that she has incurred no actual unreimbursed out of pocket expense.

Defendants, of any actual, specific, unreimbursed damage that resulted from the acts/omissions of the Defendants.  As Plaintiff has not asserted any actual damages resulting from the acts/omissions of Defendants, Plaintiff has failed to state a claim upon which relief may be granted and the causes of action for violation of FRCA, negligence/negligence per se, breach of contract/implied contract, violation of the Texas DTPA, and breach of fiduciary duty should be dismissed pursuant to Rule 12(b)(6).

**C.   Plaintiff Fails to State a Breach of Contract/ Implied Contract Claim Upon Which Relief May Be Granted**

In order to state a claim for breach of contract/ implied breach of contract, Plaintiff must first allege: (1) the existence of a valid agreement; (2) a material breach; and (3) damages. *Southwell v. University of the Incarnate Word*, 974 S.W.2d 351, 354-55 (Tex. App.- San Antonio 1998, pet. denied.).   A valid agreement is shown only when there is an offer, acceptance, mutual assent, and consideration. *Texas Gas Util. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970). Consideration requires the bargained exchange of promises. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991). A contract that lacks consideration lacks mutuality of obligation and is unenforceable. *Fed. Sign v. Tex. So. Univ.,* 951 S.W.2d 401, 409 (Tex.1997); *Domingo v. Mitchell*, 257 S.W.3d 34, 40 (Tex. App. 2008).

Here, Plaintiff attempts to base her breach of contract claims on a "Privacy Notice" supplied by St. Joseph and posted on its website.  However, Courts have repeatedly held that online statements made by a company concerning privacy of data do not establish a binding contract. *See Dyer v. Nw. Airlines Corp.*, 334 F. Supp. 2d 1196, 1199-1200 (D.N.D. 2004); *Trikas v. Universal Card Servs Corp.*, 351 F.Supp.2d 37, 46 (E.D.N.Y. 2005); *In re Northwest Airlines Privacy Litig.*, 2004 WL 1278459, at 5-6 (D. Minn. June 6, 2004). To hold otherwise would allow a plaintiff to "cherry pick" any statement, made anywhere, and assert a breach of contract claim.  This is further supported, in this case, by the fact that the only signature line which appears on the Privacy Notice is for the patient to ***acknowledge receipt*** of the notice.  There is no provision in that "notice" which states that the parties mutually agree to be bound by any term or provision stated therein.  Accordingly, Plaintiff fails to state a breach of contract/breach of implied contract claim upon which relief may be granted.

## D.    Plaintiff Fails to State a DTPA Claim Upon Which Relief May Be Granted

Plaintiff contends St. Joseph violated the DTPA based upon alleged unconscionable conduct and/or that it violated specific "laundry list" provisions of Section 17.46 of the DTPA.  However, based upon the claims and assertions in the Complaint, Plaintiff is not a "consumer" pursuant to the DTPA as it applies to this

litigation.   Accordingly, Plaintiff cannot state a claim upon which relief may be granted under the DTPA.

Texas courts have consistently held that in order to establish "consumer status" under the DTPA, a plaintiff must show not only that he acquired goods or services by purchase or lease; but also that **the goods or services purchased or leased form the basis of the complaint**. *McClung v. Wal-Mart,* 866  F.Supp. 306, 308 (N.D. Tex. 1994) (citing *Rojas v. Wal-Mart*, 857 F. Supp. 533 (N.D. Tex.) and *Simon Enter. Inc. v. Lorac Serv. Corp.,* 724 S.W.2d 13 (Tex. 1987).   In this instance, Plaintiff acquired ***health care services*** by purchase; however, the health care services do not form the basis of her complaint.   Her complaint arises out of alleged damages resulting from a data breach. As such, Plaintiff does not have "consumer" status in conjunction with the claims asserted.

The facts presented here are analogous to the case of *McClung v. Wal-Mart*, supra.   In *McClung*, the plaintiff purchased a phone at Wal-Mart, but the cashier failed to remove the security alarm upon check-out.   As the plaintiff left the store, the security alarms went off and Wal-Mart security personnel stopped the plaintiff in the parking lot and detained him.   Plaintiff alleged the actions of the Wal-Mart employees constituted an unconscionable action or course of action. The Court,  in issuing its decision in favor of Wal-Mart, reasoned that Plaintiff had not purchased or leased any work or services from Wal-Mart, but instead bought a phone.   He

asserted no complaints regarding the phone, rather, his complaints arose out of post-transaction conduct wholly unrelated to the quality or suitability of the goods he purchased.  The Court held it would be absurd to allow a DTPA claim to stand as asserted.  The Court went on to state that even if the statutory definition of "services" could be distorted to cover Plaintiff's claims, what Plaintiff complains of was "incident to, rather than in connection with" his purchase of a telephone from Wal-Mart. *Id.*

The same can be argued in this case.  The medical services Plaintiff purchased from St. Joseph do not form the basis for her present complaints. Rather, Plaintiff's allegations arise out of incidents occurring well after those health care services were rendered.  The allegation that St. Joseph failed to adequately safeguard her PII/PHI, which St. Joseph only possessed ***as a result of*** the health services Peters paid St. Joseph to provide, demonstrates an issue which arose "incident to, rather than in connection with," the services purchased.  As in *McClung*, it would be absurd to find a DTPA cause of action based on Plaintiff's claims herein, namely that St. Joseph failed to adequately protect Plaintiff's PII/PHI from the actions of criminals, where St. Joseph only possessed that PII/PHI as a result of the provision of health care services to Plaintiff. As Plaintiff is not a "consumer" for purposes of her claims, she cannot state a DTPA violation claim upon which relief may be granted.

Alternatively, even if Plaintiff is found to be a "consumer" under the DTPA, which is denied, in Plaintiff's First Amended Complaint, she also claims that Defendants "falsely represented" in its Privacy Notice that safeguards were in place to protect her PII/PHI, when they were not, in violation of Section 17.46(5) and 17.46(7) of the DTPA. *See Plaintiff's First Amended Complaint, Paragraphs 118 and 119.*  However, a DTPA claim under Section 17.46 requires: (a) reliance by the consumer on the representations, and (b) that the damages suffered resulted from that reliance. *Tex.Bus.&Com. Code §17.50(a)(1)(B).* In this case, Plaintiff has failed to state a DTPA claim upon which relief may be granted as she has failed to allege damages that resulted from her reliance on Defendants' statements.  Instead, Plaintiff contends that she suffered damages as a result of the acts of criminal data thieves which "stole, compromised, disseminated to the world, and wrongfully used" her PII/PHI. *See Plaintiff's First Amended Complaint, Paragraph 120.*  As Plaintiff has failed to state a claim upon which relief may be granted with respect to the Section 17.46(b)(5) and (b)(7) allegations, Defendants are entitled to a dismissal of those claims.

**E.      Plaintiff Fails to State an Invasion of Privacy Claim Upon Which  Relief May Be Granted**

In the Plaintiff's First Amended Complaint, Ms. Peters, while reasserting the same "facts" and allegations as claimed with respect to various other causes of action, now for the first time alleges a cause of action for "Invasion of Privacy."

*See Plaintiff's First Amended Complaint, Paragraphs 121-126.*   Again, Plaintiff fails to state a claim upon which relief may be granted.  Specifically, the elements of this particular claim are as follows: (1) the defendant publicized information about the plaintiff's private life; (2) the publicity would be highly offensive to a reasonable person; (3) the matter publicized is not of legitimate public concern. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 474 (Tex. 1995).  "Publicity" means made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.  Restatement of Torts (Second) §652D cmt. a; *Johnson v. Sawyer*, 47 F.3d 716, 731 (5th Cir. 1995). The Restatement explains that examples of publicity include newspaper, pamphlets, and radio broadcasts. Restatement of Torts (Second) §652D cmt. a. Plaintiff has not and cannot allege any publications by Defendants of Plaintiff's private information.  Instead, Plaintiff contends that her PII/PHI was "accessed by data thieves via the Internet." *See Plaintiff's First Amended Complaint, Paragraph 123.*  There is no contention that these Defendants publicized any information about the Plaintiff.  *See Plaintiff's First Amended Complaint, Paragraphs 122 and 123*.  As such, Plaintiff has failed to state a claim upon which relief may be granted.

Alternatively, Plaintiff has failed to state a claim upon which relief may be granted, as any publication (which is denied) by these Defendants would have been

to a single person or small group, which is insufficient for a invasion of privacy claim. *Indus. Found. of the S. v. Texas Indus. Acc. Bd.*, 540 S.W.2d 668, 683 (Tex. 1976)  The Plaintiff alleges that data thieves accessed her personal information from these Defendants, and then those data thieves disseminated it to others.  As such, Plaintiff does not allege that these Defendants have publicized her PII/PHI to any large group, but rather that it was the data thieves which made her information known in the "public domain." *See Plaintiff's First Amended Petition, Paragraph 123.* Therefore, Plaintiff fails to state a claim upon which relief may be granted, and the cause of action for invasion of privacy must be dismissed.

## F.     Plaintiff Fails to State a Claim for Emotional Distress Upon Which Relief May Be Granted

Plaintiff has failed to state a claim upon which relief may be granted for emotional distress under Texas law.  Particular to Texas, a claim for emotional distress requires a plaintiff to allege that: (1) defendants acted intentionally or recklessly, (2) their conduct was extreme and outrageous, (3) their actions caused plaintiff emotional distress, and (4) the emotional distress was severe. *See Kroger Tex. Ltd. P'ship v. Suberu,* 216 S.W.3d 788, 796 (Tex. 2006). Plaintiff's complaint is inapposite of these elements.  The entirety of the basis for Plaintiff's Amended Complaint of emotional distress is "emotional distress from the compromise of their PII/PHI, and the resulting identity theft, identity fraud, and/or medical fraud." *First Amended Complaint*, Paragraph *19, 54, 77, 81, 85, 90, 100, 105, 120,  126,*

*137, 141, and 148.*  This Amended Complaint alleges no facts that provide a basis to even conceive that the Defendant's conduct was extreme or outrageous. Furthermore, Plaintiff has failed to allege why the distress incurred, if any, was severe.

In support of dismissal, Texas Supreme Court precedent holds that claims for emotional distress should not be used to circumvent limitations placed on the recovery of mental anguish. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005). The purpose of the tort itself is to provide remedies for egregious conduct that may not be compensated under any other cause of action. In this case, Plaintiff has clearly asked for ample damages which would provide recovery and compensate Plaintiff for any actual damages suffered, if proven.  Accordingly, Plaintiff has failed to state a claim for emotional distress; therefore, this claim should be dismissed.

**G.    Plaintiff Fails to State a Claim for Negligence/Negligence Per Se Under HIPAA Law Upon Which Relief May Be Granted**

Plaintiff's references to HIPAA in her negligence and negligence per se claims must be dismissed. *Plaintiff's First Amended Complaint, Paragraphs 92 and 99.*  As the Fifth Circuit has held, HIPAA provides no private cause of action. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006). This holding derives from the notion that the determination of HIPAA compliance by a healthcare provider is

tasked only to the Secretary of Health and Human Services, not private citizens. *Id.* at 571.

Plaintiff's attempt to use HIPAA to impose a private cause of action based on a duty owed by Defendants and/or to support her negligence per se claim is not supported by law.  The Fifth Circuit has found that "duties set forth in federal law do not…automatically create duties cognizable under local tort law." *Johnson v. Sawyer*, 47 F.3d 716, 729 (5th Cir. 1995). Further, Courts are not obligated to find negligence per se from a violation of a federal statute. *Hackett v. G.D. Searle & Co.*, 246 F.Supp.2d 591, 594 (W.D. Tex. 2002). As shown in another data breach case, to the extent that a plaintiff asserts injury from the loss of information in violation of HIPAA, there can be no private recovery for HIPAA violations as HIPAA provides none. *Polanco v. Omnicell, Inc.*, CIV. 13-1417 NLH/KMW, 2013 WL 6823265 (D.N.J. Dec. 26, 2013).  Accordingly, the Amended Complaint fails to state a claim for negligence and/or negligence per se, pursuant to HIPAA, upon which relief may be granted.

**H.     Plaintiff Fails to State a Claim Upon Which Relief May Be Granted With Respect to her Claims for Texas Medical Practice Act Violations, Texas Hospital Licensing Law Violations,  and Breach of Fiduciary Duty, As Defendants Did Not Disclose Any Information**

Plaintiff's Counts III (Violation of the Texas Medical Practice Act), IV (Violation of the Texas Hospital Licensing Law), and XI (Breach of Fiduciary

Duty)[9] should be dismissed as Plaintiff has failed to state a claim upon which relief may be granted.  Each of these causes of action requires a defendant to disclose confidential information. Tex. Occ. Code 159.002(c), Tex. Health & Safety Code § 241.152(a).However, Plaintiff instead alleges that her PII/PHI was criminally taken by data thieves.  As Plaintiff does not allege that Defendants disclosed her PII/PHI, Plaintiff has failed to state a claim upon which relief may be granted.

I.   **Plaintiff Fails to State a Claim Upon Which Relief May be Granted for Common Law Breach of Confidentiality**

Plaintiff's First Amended Complaint, in Paragraphs 138-141, newly asserts a cause of action for "breach of confidentiality at Texas common law." *See First Amended Complaint, Paragraph 141*.  However, no such cause of action has ever been recognized under Texas common law.  Accordingly, Plaintiff has failed to state a claim upon which relief may be granted and Defendants are entitled to a dismissal of Plaintiff's breach of confidentiality claim.

## IV. CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted pursuant to FCRA.  Without a valid claim under FCRA, Plaintiff's federal question jurisdiction is lost and this case should be dismissed in its entirety.  Plaintiff further

---

[9] With respect to Plaintiff's Breach of Fiduciary Duty claim, Plaintiff merely references the same statutory provisions as found in Count III (Violation of the Texas Medical Practice Act) and Count IV (Violation of the Texas Hospital Licensing Law), as such the same arguments are asserted for this cause of action.

fails to state a claim upon which relief may be granted under FRCA, negligence/negligence per se, breach of contract/implied contract, violation of the Texas DTPA, and breach of fiduciary duty for failure to allege any actual, reimbursed, compensable damage.  Moreover, Plaintiff fails to state a claim upon which relief may be granted under the Texas DTPA, for breach of contract and/or breach of implied contract, invasion of privacy, for emotional distress, for negligence and/or negligence per se based upon HIPAA, breach of confidentiality or under the Texas Medical Practice Act, Texas Medical Licensing Law, or breach of fiduciary duty. Accordingly, Defendants respectfully request that this Court grant its Rule 12(b)(6) motion and dismiss the Plaintiff's purported FCRA claims with prejudice, as set forth herein, together with a dismissal without prejudice of all remaining pendent state law claims, resulting in a dismissal of this suit for lack of jurisdiction, as well as any other relief, in law or in equity, Defendants may show themselves to be justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

_/s/ **_Kent M. Adams_**_____

KENT M. ADAMS
kent.adams@lewisbrisbois.com
Federal Bar No. 246
Texas Bar No. 00869200
KRISTIE E. JOHNSON
kristie.johnson@lewisbrisbois.com
Federal Bar No. 35404
Texas Bar No. 24038382
Weslayan Tower, Suite 1400
24 East Greenway Plaza
Houston, Texas 77046
(713) 659-6767  Telephone
(713) 759-6830  Facsimile

**ATTORNEYS FOR DEFENDANTS,
ST. JOSEPH SERVICES CORP. &
ST. JOSEPH REGIONAL HEALTH CENTER**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on this the 30th day of July 2014, in the following manner:

Richard L. Coffman                              Via U.S. Pacer System
The Coffman Law Firm
505 Orleans St., Ste. 505
Beaumont, TX 77701

Mitchell A. Toups                               Via U.S. Pacer System
Weller, Green, Toups & Terrell, LLP
2615 Calder Ave., Suite 400
Beaumont, TX 77702

Jason Webster                                   Via U.S. Pacer System
The Webster Law Firm
6200 Savoy, Suite 515
Houston, TX 77036


                              /s/ ***Kent M. Adams***_____
                              KENT M. ADAMS