# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| BEVERLY T. PETERS,<br>  individually and on behalf of all<br>  others similarly situated,<br><br>              PLAINTIFF<br><br>v.<br><br><br>ST. JOSEPH SERVICES CORP.<br>  d/b/a ST. JOSEPH HEALTH<br>  SYSTEM and<br>ST. JOSEPH REGIONAL HEALTH<br>  CENTER,<br><br>              DEFENDANTS | CASE NO.:  3:14-cv-00114<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION**
<u>**TO STRIKE**</u>

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................... 1

RULE 12(f) STANDARD OF REVIEW .............................................................. 2

ARGUMENTS AND AUTHORITIES ............................................................... 5

    A.    Paragraph 2 Statement is Relevant, not Scandalous and, in part, forms the Basis of Peters' ............................................................ 5

    B.    Paragraphs 18, 24-32, 99 and related footnotes in the Complaint are related to the subject matter of the litigation ............ 6

        1.    Paragraph 18 of the Complaint provides information pertinent to Peters' claims ................................................................. 6

        2.    Paragraphs 24 -32 of the Complaint should not be stricken as the cited articles are relevant to this action ......... 8

        3.    Paragraph 99 of the Complaint is relevant to the claims involving notice to St. Joseph .................................................... 9

    C.    The word "belatedly" in Paragraph 43 of the Complaint is not scandalous ............................................................................... 10

    D.    The inadequate post-Data Breach credit monitoring services offered by St. Joseph discussed in Paragraphs 46-49 of the Complaint are relevant to Peters' claims ......................................... 11

CONCLUSION ................................................................................................ 12

# **TABLE OF AUTHORITIES**

**CASES** **PAGE(S)**

*Augustus v. Bd. Of Pub. Instruction of Escambia Cnty., Fla.*,
    306 F.2d 862 (5th Cir. 1962) .......................................................................3

*Chicca v. St. Luke's Episcopal Health Sys.*,
    No. 4:10-cv-02990, 2012 U. S. Dist LEXIS 25793 (S.D. Tex. 2012) ......4

*FDIC v. Niblo*,
    821 F.Supp. 441 (N.D. Tex. 1993) ............................................................4

*Henry v. Cisco Sys.*,
    No. 00-3519, 2001 U.S. Dist. LEXIS 15196 (E.D. La. 2001) ..................3

*In re Gitto Global Corp.*,
    422 F.3d 1 (1st Cir. 2005) .........................................................................3

*Marceaux v. Lafayette Consol. Gov't*,
    No. 6:12-cv-01532, 2012 U.S. Dist. LEXIS 150922
    (W.D. La., Oct. 18, 2012) ..........................................................................2

*Slaughter House Records & Prod. Co. v. Miller*,
    No. 99-4421, 1999 U.S. Dist. LEXIS 9417 (E.D. La. 1999) .....................3

*United States v. Coney*,
    689 F.3d 365 (5th Cir. 2012) .....................................................................3

*Wimsatt v. Fountainbleau Mgmt. Servc., LLC*,
    No. 1:10-cv-169-SA-JAD, 2010 U.S. Dist. LEXIS 123566
    (N.D. Miss., Nov. 19, 2010) ......................................................................8

**OTHER AUTHORITIES**

Dictionary.com ...............................................................................................11

FED. R. CIV. P. 12(f) .............................................................................. *passim*

FED. R. EVID. 104(a) .......................................................................................5

Wright and Miller, FEDERAL PRACTICE AND PROCEDURE (CIVIL) 2d § 1382..........10

**TO THE HONORABLE UNITED STATE DISTRICT JUDGE:**

Plaintiff Beverly T. Peters ("Peters"), on behalf of herself and all others similarly situated, files this Response to the Motion to Strike portions of her First Amended Class Action Complaint ("Complaint") filed by Defendants St. Joseph Services Corporation d/b/a St. Joseph Health System and St. Joseph Regional Health Center (together, "St. Joseph") (Doc. # 24), and respectfully shows the following:

## **INTRODUCTION**

This is a consumer class action data breach lawsuit involving the unauthorized disclosure of personally identifiable information ("PII") and protected health information ("PHI") (together, "PII/PHI"). Peters brings this action, individually and on behalf of approximately 405,000 similarly situated persons (*i.e.*, the Class Members), who entrusted their PII/PHI to St. Joseph in connection with purchasing health care services from St. Joseph based on its assurances that the proper data security measures, policies, procedures and protocols were in place and operational to safeguard and protect their PII/PHI. As a result of the Data Breach, Peters and Class Members have suffered economic damages and other injury and harm.

St. Joseph now seeks to strike certain portions of Peters' Complaint because, as St. Joseph alleges, they are redundant, immaterial, impertinent or scandalous

pursuant to FED. R. CIV. P 12(f).  The portions of Peters' Complaint St. Joseph seeks to strike, however, directly relate to, and explain, her claims, causes of action, damages, harm, and injury.  St. Joseph's motion to strike should be denied.

### RULE 12(f) STANDARD OF REVIEW

Pursuant to Rule 12(f), a Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Redundant matter consists of allegations that are needlessly repetitious of other allegations in the pleading.[1]  Impertinent matter consists of unnecessary statements that are not relevant to the issues in question.  Immateriality is shown when the challenged allegations have no possible bearing upon the subject matter of the litigation. Scandalous matter is any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.[2]

For matters challenged as "redundant, immaterial, impertinent, or scandalous matter," a district court should not strike challenged allegations or pleadings simply because they "offend the sensibilities" of the objecting party.[3]  Such matters should be stricken, rather, only where they possess "no possible relation to the

---

[1] *Marceaux v. Lafayette Consol. Gov't*, No. 6:12-cv-01532, 2012 U.S. Dist. LEXIS 150922 (W.D. La., Oct. 18, 2012).
[2] *Id*.
[3] *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (citing *In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005)).

2

controversy."[4] Where a challenged matter is "directly relevant to the controversy at issue" and is at least "minimally supported" by the allegations set forth in the pleadings, it should not be stricken under Rule 12(f).[5]

The Rule 12(f) standard of materiality is a loose one: defendants must show that the challenged allegations can have no possible bearing upon the subject matter of the litigation.[6] The court, in *Slaughter House Records*, went on to say that a complaint may not be stricken merely because defendants do not like the allegations pled against them, or because they may subject them to adverse publicity.[7]

Further, portions of a complaint generally will not be stricken from a pleading unless "the allegations are prejudicial to the defendant or immaterial to the lawsuit."[8] The Fifth Circuit, in *Augustus v. Bd. Of Pub. Instruction of Escambia Cnty., Fla.*, held that matters should only be stricken if there is "no possible relation to the controversy."[9] Citing *Augustus*, Judge Ellison, in *Chicca v. St. Luke's Episcopal Health Sys.*, held:

---

[4] *Id.* (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (internal alterations omitted).
[5] *Id.*
[6] *Slaughter House Records & Prod. Co. v. Miller*, 1999 U.S. Dist. LEXIS 9417, at *16-*17 (E.D. La., June 18, 1999)(emphasis added).
[7] *Id.*
[8] *Henry v. Cisco Sys.*, 2001 U.S. Dist. LEXIS 15196, at *9 (E.D. La., September 20, 2001).
[9] 306 F.2d 862, 868 (5th Cir. 1962).

3

> A court must deny the motion to strike if it involves a disputed question of fact. In addition, where there are disputed questions of law, courts should deny the motion to strike unless the movant demonstrates "prejudicial harm."[10]

St. Joseph does not, and cannot, meet this burden. Not once in its motion does St. Joseph demonstrate how any word, sentence, quoted article or paragraph has caused it to suffer prejudicial harm. St. Joseph concedes that offensive matter should be stricken only if it "results in prejudice."[11] Nor has St. Joseph demonstrated to the Court any actual prejudice—because there is none.

"Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted."[12] Here, none of the paragraphs in Peters' Complaint cited by St. Joseph are so scandalous or unrelated to her claims that they should be stricken. St. Joseph's motion is nothing more than a dilatory, make work tactic not condoned by Rule 12(f) case law.

Many of St. Joseph's alleged concerns pertain to the admissibility of certain information contained in Peters' Complaint. Under Federal Rule of Evidence 104(a), the Court decides whether evidence is admissible, not St. Joseph.[13] St.

---

[10] No. 4:10-cv-02990, 2012 U. S. Dist. LEXIS 25793, at *2 (S.D. Tex., February 27, 2012).
[11] *See* St. Joseph's Motion to Strike (Doc. #24) at 15.
[12] *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex.1993).
[13] *See* FED. R. EVID. 104(a).

4

Joseph's argument that entire paragraphs in Peters' Complaint, such as paragraphs 18, 24-31, and 99, are inadmissible is a thinly veiled attempt to usurp the function of the Court and violates the Federal Rules of Evidence.

## ARGUMENTS AND AUTHORITIES

A. **The Paragraph 2 statement is relevant, not scandalous and, in part, forms the basis of Peters' claims.**

*The St. Joseph Data Breach is one of the largest data breaches involving stolen and compromised PHI in the history of the United States.* [14]

This statement is not redundant, immaterial, impertinent or scandalous - it is merely a fact. And, the fact that Peters was harmed by the Data Breach is directly related to this suit; it is the actual basis for Peters' claims.

St. Joseph claims it is impertinent (not relevant) and scandalous (casts a bad light). The fact of the matter is that Peters was directly harmed by St. Joseph's unauthorized disclosure of her PII/PHI in the Data Breach. This sentence also is not repulsive or reflective on the moral character of St. Joseph, nor does it cast St. Joseph in a derogatory light. When compared to historic data regarding medical data breaches in the United States that is readily available on the Internet, the St. Joseph Data Breach, in fact, is one of the largest medical data breaches on record. This fact is indisputable. Nor does St. Joseph attempt to dispute it.

In addition and pursuant to the case law, St. Joseph has not demonstrated or

---

[14] *See* Complaint, ¶2.

explained how this statement is prejudicial, caused it to suffer harm, and/or is unrelated to this case. St. Joseph's Motion to Strike should be denied as it pertains to Paragraph 2 of Peters' Complaint.

**B.** **Paragraphs 18, 24-32, and 99 and related footnotes in the Complaint are related to the subject matter of the litigation.**

    **1.** **Paragraph 18 of the Complaint provides information pertinent to Peters' claims.**

It is common knowledge that one's PII/PHI is valuable. The fact that Peters provides some basis for this common knowledge through cited literature does not make it redundant, immaterial, impertinent or scandalous under Rule 12(f). The use of Peters' PII/PHI and its value is directly on point in this case. What is scandalous is St. Joseph asserts these sources discuss possibilities and Peters does not plead such occurrences. On the contrary, Peters pleads she has suffered the effects of the Data Breach:

> Peters has never been victimized by a data breach other than the St. Joseph Data Breach. She meticulously protects her PII/PHI. She utilizes different passwords for each of her online financial, credit card, and retail accounts, changing them on a regular basis. She closely monitors her bank account, regularly checking it online at least every other day for irregular activity. She also maintains her hard copy credit card and financial account statements in a safe for five years, after which she personally burns them in a trash barrel on her property.[15]
>
> As a direct and/or proximate result of St. Joseph's wrongful actions, inaction and/or omissions and the resulting Data Breach, Peters'

---

[15] Complaint, ¶12.

      PII/PHI was accessed and utilized by one or more unauthorized third parties who inflicted identity theft and/or identity fraud on her in the form of, inter alia, attempted unauthorized charges on her ***Discover*** card[16]; identity theft and/or identity fraud in the form of the breach of her Yahoo email account which, along with her Social Security number and Texas Driver's License number, was also submitted to St. Joseph in connection with purchasing health care services. All of Peters' online financial, credit card, and retail accounts are linked to her Yahoo email account;[17] identity theft and/or identity fraud in the form of the unauthorized access of her Amazon.com account by an unidentified fraudster;[18] identity theft, identity fraud and/or medical fraud in the form of multiple telephone solicitations from medical products and services companies asking to speak with specific members of her family;[19] identity theft, identity fraud and/or medical fraud in the form of unsolicited emailed and mailed marketing materials specifically targeting her confidential medical conditions listed in her stolen PII/PHI that the senders only could have learned by obtaining her stolen PII/PHI from the data thieves.[20]

Further, the information cited in Paragraph 18 and its footnotes was published prior to the Data Breach, which demonstrates notice to St. Joseph and supports Peters' Texas Deceptive Trade Practices-Consumer Protection Act claims.

The information and their sources are related to the subject matter of Peters' claims as demonstrated by Peters' recent experiences with identity theft, identity fraud, and medical fraud resulting from the Data Breach. The information in the footnotes is not scandalous, but rather, is directed to the damages, injury and harm Peters has suffered, and may suffer in the future, as a result of St. Joseph's

---

[16] Complaint, ¶13.
[17] Complaint, ¶14.
[18] Complaint, ¶15.
[19] Complaint, ¶16.
[20] Complaint, ¶17.

wrongful actions, inaction and/or omissions, and the resulting Data Breach.

In *Wimsatt v. Fountainbleau Mgmt. Servc., LLC*, the court declined to strike news articles as inadmissible hearsay because the parties had not yet engaged in discovery and there was no dispositive issue before the court requiring it to address admissibility.[21] The court observed that it "may well exclude such material from consideration, but the Court declines to address such evidentiary issues before the parties have engaged in discovery."[22] The same is true here. No discovery has been undertaken, and no issues of admissibility have been raised or addressed.

Further, the cited articles are related to identity theft, which Peters has suffered, and are not scandalous or prejudicial to St. Joseph. According to St. Joseph's February 4, 2014 press release revealing the Data Breach, the stolen and compromised PII/PHI include names, Social Security numbers, dates of birth, medical information (*i.e.*, PHI), and possibly addresses. St. Joseph does not meet its Rule 12(f) burden requiring it to demonstrate precisely how it has been prejudiced by Paragraph 18 and the related footnotes. Its motion to strike this portion of the Complaint should be denied.

### 2. Paragraphs 24-32 of the Complaint should not be stricken as the cited articles are relevant to this action.

The information provided in Paragraphs 24-32 of the Complaint is taken

---

[21] No. 1:10-cv-169-SA-JAD, 2010 U.S. Dist. LEXIS 123566 (N.D. Miss., Nov. 19, 2010).

[22] *Id.* at *14.

from relevant articles, including sources such as the Federal Trade Commission. The information pertaining to identity theft and consumer privacy is directly related to the subject matter of this case. The case law does not state that the allegations and all material must unequivocally pertain to Peters, but must relate to the subject matter of the lawsuit. This lawsuit and Complaint allegations are based on a data breach that resulted in identity theft, identity fraud, medical fraud, economic damages, and other injury and harm to Peters. It is relevant to Peters' claims and this lawsuit. Without the information, St. Joseph's Rule 12(b)(6) motion to dismiss for failure to state a claim would be longer. Including this information has resulted in its motion to strike. St. Joseph cannot be satisfied.

In any event, St. Joseph does not demonstrate precisely how it has been prejudiced by Paragraphs 24-32. Its motion to strike this portion of the Complaint should be denied.

### 3. Paragraph 99 of the Complaint is relevant to the claims involving notice to St. Joseph.

In Paragraph 99 of the Complaint, Peters cites a December 2013 article discussing data breaches in healthcare organizations in the United States. St. Joseph claims the article—which discusses medical data breaches prior to its Data Breach—is unrelated to Peters' claims.

On the contrary, these types of articles put healthcare organizations, such as St. Joseph, on notice to protect the PII/PHI of its patients, such as Peters. As

9

Peters states in her Complaint, had St. Joseph heeded articles such as this one, it may have taken the necessary steps to safeguard and protect her PII/PHI and its unauthorized disclosure *before* the Data Breach, rather than *after* the Data Breach.

Since some of Peters' claims require her to plead and prove prior knowledge on the part of St. Joseph, articles such as the one referenced in Paragraph 99 of the Complaint are pertinent and relevant to her claims, and instructive in this litigation. Once again, St. Joseph also does not demonstrate precisely how it has been prejudiced by Paragraph 99. Its motion to strike this portion of the Complaint should be denied.

**C.    The word "belatedly" in Paragraph 43 of the Complaint is not scandalous.**

Peters' use of the word "belatedly" does not rise to the level of scandalous. St. Joseph cites Wright and Miller, FEDERAL PRACTICE AND PROCEDURE (CIVIL) 2d § 1382 for the proposition that offensive matter should be stricken if it results in prejudice to the moving party.[23] St. Joseph, however, fails to take its argument to conclusion by explaining how the word "belatedly" is scandalous and demonstrating precisely how it is prejudiced. A lawsuit is an adversarial proceeding and even if the word "belatedly" offends St. Joseph's delicate sensibilities, or even casts it in a negative light, this one word does not rise to the level of scandalous requiring it to be stricken.

---

[23]  *See* St. Joseph's Motion to Strike at 15.

Further, *after* the Data Breach, St. Joseph took steps to safeguard its patients' and employees' PII/PHI. In other words, it took steps to lock the barn door *after* the horse got out. The word "belatedly" accurately describes the data security measures St. Joseph implemented *after* the Data Breach that it should have implemented *before* the Data Breach in order to prevent the Data Breach. "Belatedly" means coming after the useful time,[24] which is accurate since St. Joseph took the precautions *after* Peters' and Class Members' PII/PHI was disclosed without authorization. St. Joseph's motion to strike this portion of the Complaint should be denied.

D.  **The inadequate post-Data Breach credit monitoring services offered by St. Joseph discussed in Paragraphs 46-49 of the Complaint are relevant to Peters' claims.**

Paragraphs 46-49 of the Complaint address the inadequate post-Data Breach credit monitoring services offered by St. Joseph. Peters' remarks about credit monitoring and its general lack of usefulness after data breaches, such as the St. Joseph Data Breach, is not repulsive language that detracts from the dignity of the Court, nor is it offensive.

Peters has suffered identity theft, identity fraud, medical fraud, economic damages, and other injury and harm as a result of the Data Breach. The credit monitoring band-aid St. Joseph offered is less than satisfactory under the

---

[24] *See, e.g.,* Dictionary.com's definition of "belatedly," which is defined as "coming or being after the customary, useful, or expected time."

circumstances regarding the injury and harm Peters has already incurred. Peters include this information to demonstrate St. Joseph's post-Data Breach "remedy" is not sufficient to curtail the damages, harm, and injury in this case.

Just because St. Joseph is offended because Peters addresses this less-than-satisfactory offer head-on in her Complaint and recognizes it for what it is does not justify it being stricken. Moreover, Peters is equally—if not more—offended that St. Joseph did not properly protect her PII/PHI, St. Joseph disclosed her PII/PHI without authorization, St. Joseph did not properly compensate and protect she and the Class Members after the Data Breach, thereby forcing her to file this lawsuit, and rather than making things right, seeks to avoid any liability altogether for its wrongful actions and/or inaction.

As with the rest of its motion, St. Joseph does not demonstrate precisely how it has been prejudiced by Paragraphs 46-49. Its motion to strike this portion of the Complaint also should be denied.

## CONCLUSION

**WHEREFORE,** Plaintiff Beverly T. Peters, on behalf of herself and Class Members, respectfully requests this Court to (i) deny St. Joseph's Rule 12(f) Motion to Strike, and (ii) grant her such other and further relief to which she is justly entitled.

Date: August 29, 2014

Respectfully submitted,

/s/  Richard L. Coffman
Jason Webster
**THE WEBSTER LAW FIRM**
Texas Bar No. 24033318
Federal Bar No. 568715
6200 Savoy, Suite 515
Houston, TX 77036
Telephone: (713) 581-3900
Facsimile: (713) 409-6464
Email: jwebster@thewebsterlawfirm.com

Richard L. Coffman
**THE COFFMAN LAW FIRM**
Texas Bar No. 04497460
Federal Bar No. 12055
505 Orleans St., Ste. 505
Beaumont, TX 77701
Telephone: (409) 833-7700
Facsimile: (866) 835-8250
Email: rcoffman@coffmanlawfirm.com

Mitchell A. Toups
**WELLER, GREEN, TOUPS & TERRELL, LLP**
Texas Bar No. 20151600
Federal Bar No. 2457
2615 Calder Ave., Suite 400
Beaumont, TX 77702
Telephone: (409) 838-0101
Facsimile: (409) 838-6780
Email: matoups@wgttlaw.com

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of Plaintiff Beverly Peters' Response in Opposition to Defendants' Motion to Strike was served on the following counsel of record, via the Court's ECF System, on August 29, 2014.

                                          /s/ Richard L. Coffman
                                          Richard L. Coffman

Kent Adams
Kristie Johnson
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Weslayan Tower, Suite 1400
24 East Greenway Plaza
Houston, Texas 77046
Telephone: (713) 659-6767
Facsimile: (713) 759-6830
Email: Kent.adams@lewisbrisbois.com
Email: Kristie.johnson@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANTS**