IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BEVERLY T. PETERS,<br>    individually and on behalf of all<br>    others similarly situated,<br><br>                    **PLAINTIFF**<br><br>v.<br><br><br>ST. JOSEPH SERVICES CORP.<br>    d/b/a ST. JOSEPH HEALTH<br>    SYSTEM and<br>ST. JOSEPH REGIONAL HEALTH<br>    CENTER,<br><br>                    **DEFENDANTS** | CASE NO.:  3:14-cv-00114<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE AND/OR DENY CLASS CERTIFICATION**

# <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...............................................................1

PROCEDURAL AND FACTUAL SUMMARY ....................................1

LEGAL STANDARDS ........................................................................2

      A.    Rule 12(f) is designed to remove impertinent material from
           pleadings, not address certification .......................................2

      B.    Rule 23(d)(1)(D) has an even more demanding standard .....................4

      C.    FCRA should be construed liberally .......................................5

ARGUMENTS AND AUTHORITIES ....................................................5

A.    St. Joseph's attack on class certification is premature ......................5

    1.    Motions to strike class allegations at this stage are disfavored ..............5

    2.    District courts within this Circuit routinely choose to develop
         a record rather than preemptively strike class allegations ......................6

    3.    Courts from other jurisdictions also prefer to develop a record,
         rather than strike class allegations at an early stage ..............................7

    4.    Striking class allegations at an early stage is inconsistent
         with at least two aspects of Rule 23 .......................................9

    5.    St. Joseph's cited cases are easily distinguished ...................12

B.    St. Joseph does not prove class certification is impossible ...........13

    1.    It is premature to rule out injunctive relief ...........................14

    2.    Peters can—and does—show harm .......................................15

3.  St. Joseph does not show Peters cannot possibly establish the predominance of common questions of law and fact ............................16

4.  St. Joseph does not show Peters cannot possibly establish superiority ............................................................................................18

C.  St. Joseph cites no on point authority supporting its request to strike the class allegations at this point in the litigation under these facts.............19

# TABLE OF AUTHORITIES

**Cases**

*Aguilar v. Allstate Fire & Casualty Insurance Company*,
   Civ. Act. No. 06-4660, 2007 WL 734809
   (E.D. La. March 6, 2007) .............................................................................13

*Alison v. Citgo Petroleum Corporation*,
   151 F.3d 402 (5th Cir. 1998) ................................................................ 14-15

*Andrews v. Home Depot U.S.A., Inc.*,
   No. 03-CV-5200 (DMC), 2005 WL 1490474
   (D.N.J. June 20, 2005)............................................................................8, 9

*Carlson Corp./Se. v. School Board of Seminole County, Florida*,
   778 F. Supp. 518 (M.D. Fla. 1991)............................................................3, 5

*Cholakyan v. Mercedes–Benz USA, LLC*,
   796 F. Supp. 2d 1220 (C.D. Cal. 2011).......................................................10

*Fabrica Italiana Lavorazione Materie Organiche S.A.S. v.
   Kaiser Aluminum & Chemical Corporation*,
   684 F.2d 776 (11th Cir. 1982) ........................................................................3

*Francis v. Mead Johnson & Company*,
   No. 10-cv-00701, 2010 WL 3733023
   (D. Colo. Sept. 10, 2010) ...............................................................................6

*Gloria v. Allstate County Mutual Insurance Company*,
   No. SA-99-CA-676-PM, 2000 WL 35754563
   (W.D. Tex. Sept. 29, 2000)...........................................................................3

*Graves v. Southern & Pacific Specialty Finance, Inc*,
   No. 13-1159, 2013 WL 5945851
   (N.D. Cal. Nov. 4, 2013) .......................................................................7, 10

*Great American Assurance Company v. Elliott*,
   No. 03:09–CV–77, 2009 WL 1653573
   (M.D. Fla. June 10, 2009) ..............................................................................3

*Guimond v. Trans Union Credit Information Company,*
   45 F.3d 1329 (9th Cir. 1995) .......................................................................5

*Holt v. Globalinx Pet, LLC,*
   No. SACV13–0041 DOC (JPRx), 2013 WL 3947196
   (C.D. Cal. July 30, 2013) ..............................................................................8

*Iniguez v. The CBE Group,*
   No. 2:13-cv-00843-JAM-AC, 2013 WL 4780785
   (E.D. Cal. Sept. 5, 2013) ..............................................................................8

*International Woodworkers of America, AFL-CIO v. Chesapeake Bay Plywood*
   *Corporation,*
   659 F.2d 1259 (4th Cir. 1981) ......................................................................6

*In re TJX Cos. Retail Security Breach Litigation,*
   246 F.R.D. 389 (D. Mass. 2007) .................................................................18

*In re Wal-Mart Stores, Inc. Wage & Hour Litigation,*
   505 F. Supp. 2d 609 (N.D. Cal. 2007) ................................................. 10, 12

*Jones v. Diamond,*
   519 F.2d 1090 (5th Cir. 1975) ....................................................................11

*Kelly v. SabreTech Inc.,*
   195 F.R.D. 48 (S.D. Fla. 1999) ...................................................................11

*Korman v. Walking Company,*
   503 F. Supp. 2d 755 (E.D. Pa. 2007) ..........................................................17

*Lane v. Page,*
   272 F.R.D. 581 (D.N.M. 2011) .....................................................................5

*Lang v. DirecTV,*
   735 F. Supp. 2d 421 (E.D. La. 2010) ............................................................7

*Lawson v. Life of the S. Insurance Company,*
   No. 4:06-CV-42 WLS, 2012 WL 4483748
   (M.D. Ga. Sept. 28, 2012) ........................................................ 4, 13-14, 16

*Lumpkin v. E.I. Du Pont de Nemours & Company,*
    161 F.R.D. 480 (M.D. Ga. 1995)....................................................................4

*Moreno v. Baca,*
    No. CV007149ABCCWX, 2000 WL 33356835
    (C.D. Cal. Oct. 13, 2000)............................................................................10

*Motisola Malikha Abdallah v. Coca-Cola Company,*
    No. 1:98-CV-3679, 1999 WL 527835
    (N.D. Ga. July 16, 1999)............................................................................11

*Neale v. Volvo Cars of North America, LLC,*
    No.  10-4407, 2011 WL 1362470
    (D.N.J. April 11, 2011)...............................................................................9

*Nguyen v. St. Paul Travelers Insurance Company,*
    Civ. Act. No. 06-4130, 2007 WL 3275133
    (E.D. La. Nov. 5, 2007) .............................................................................7

*Oginski v. Paragon Props. of Costa Rica, LLC,*
    Nos. 10–21720–CIV, 11–60647–CIV, 2011 WL 3489541
    (S.D. Fla. Aug. 9, 2011)........................................................................4, 16

*Petit v. S. FL Express Bankserv, Inc,*
    No. 6:08-CV-721-ORL-31GJK, 2009 WL 1862300
    (M.D. Fla. June 25, 2009).......................................................................3, 5

*Pilgrim v. United Health Card LLC,*
    660 F.3d 943 (6th Cir. 2011) ....................................................................12

*Pinero v. Jackson Hewitt Tax Service Inc,*
    638 F. Supp. 2d 632 (E.D. La. 2009) .........................................................7

*Pottinger v. City of Miami,*
    720 F. Supp. 955 (S.D. Fla. 1989).............................................................11

*Prado-Steiman ex rel. Prado v. Bush,*
    221 F.3d 1266 (11th Cir. 2000) .................................................................11

*Rosales v. Fitflop USA, LLC,*
 882 F. Supp. 2d 1168 (S.D. Cal. 2012) ..........................................................3

*Ruiz v. Gap, Inc,*
 No. 07-5739-SC, 2008 WL 4449599
 (N.D. Cal. Oct. 2, 2008) ...............................................................17

*Schafer v. State Farm and Casualty Company,*
 507 F. Supp. 2d 587 (E.D. La. 2007) ..........................................................7

*Stewart v. Winter,*
 669 F.2d 328 (5th Cir. 1982) ...........................................................7

*Stollenwerk v. TriWest Healthcare Alliance,*
 CV-03-0185-PHX-SRB (D. Ariz. June 10, 2008).......................................18

*Thorpe v. Abbott Labs., Inc.,*
 534 F. Supp. 2d 1120 (N.D. Cal. 2008).........................................................8

*Vanderbrink v. State Farm Mutual Auto Insurance Company,*
 No. 8:12-CV-897-T-30TBM 2012 WL 3156596
 (M.D. Fla. Aug. 3, 2012) ......................................................... 12-13

*Vinole v. Countrywide Home Loans, Inc,*
 571 F.3d 935 (9th Cir. 2009) ..........................................................6

*Wal-Mart Stores, Inc. v. Dukes,*
 131 S. Ct. 2541 (2011).............................................................10

*Whittlestone, Inc. v. Handi-Craft Company,*
 618 F.3d 970 (9th Cir. 2010) ................................................. 2-3, 5

*Worix v. MedAssets, Inc,*
 869 F. Supp. 2d 893 (N.D. Ill. 2012).........................................................16

**Statutes**

Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 ...................................5, 12, 17

Fair and Accurate Credit Transactions Act...............................................................17

FED. R. CIV. P. 12(f) ........................................................................2-4, 6-7

FED. R. CIV. P. 23(b) .......................................................... 16-24

FED. R. CIV. P. 23(c) .......................................................................... 4-5

FED. R. CIV. P. 23(d)(1)(D) ........................................................ 4-5

FEDERAL PRACTICES & PROCEDURES. §1795 .........................................17

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff Beverly T. Peters ("Peters"), on behalf of herself and all others similarly situated, files this Response to the Motion to Strike and/or deny Class Certification (Doc.# 25) filed by Defendants St. Joseph Services Corporation d/b/a St. Joseph Health System and St. Joseph Regional Health Center (together, "St. Joseph"), and respectfully shows the following:

## PRELIMINARY STATEMENT

St. Joseph's Motion to Strike is premature based on well-established law from federal courts across the country, including district courts in the Fifth Circuit. And, even if St. Joseph persuades the Court its Motion is not premature, it falls far short of meeting its burden of showing that class certification is "impossible" based on the scant record this early in the proceedings.

It is too early to determine whether injunctive relief, monetary damages, or both are appropriate here.  It also is too early to conclude it will be impossible for Peters to show her proposed class should be certified.  St. Joseph's Motion to Strike illustrates why district courts routinely reject premature attempts to dispose of class certification issues without the benefit of discovery.  It should be denied.

## PROCEDURAL AND FACTUAL SUMMARY

Peters is a former patient of St. Joseph.  Her confidential and protected health information (PHI) and personally identifiable information (PII) was exposed

1

(as was the PII/PHI of hundreds of thousands of others) when St. Joseph wrongfully disclosed it in the December 2013 Data Breach.   Peters filed suit in March 2014, and then later filed her First Amended Class Action Complaint ("Complaint") (Doc. #22) on June 30, 2014.   Peters seeks to certify a class of Texas residents who were informed by St. Joseph that their PII/PHI was wrongfully disclosed in the Data Breach.  Complaint, ¶¶ 62-64.

The Parties are in the early stages of the litigation.   There has been no discovery.  Peters also has not filed a motion for class certification.

## LEGAL STANDARDS

St. Joseph cites Rules 12(f) and 23(c); (d) of the Federal Rules of Civil Procedure in support of its Motion to Strike.  The legal standards for each Rule are set forth below.

### A.      Rule 12(f) is designed to remove impertinent material from pleadings, not address class certification.

St. Joseph argues this Court may dismiss or strike Peters' class allegations at the pleading stage under Rule 12(f).  Rule 12(f), however, is not suited for St. Joseph's request for relief.  Rather, Rule 12(f) permits a party to move to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f)(2).

Thus, it is not surprising numerous federal courts have held that Rule 12(f) does not provide the means to strike allegations that, according to St. Joseph, fail

2

as a matter of law. *See, e.g., Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) ("Rule 12(f) does not authorize district courts to strike claims for damages on the grounds that such claims are precluded as a matter of law").

Federal courts have similarly recognized that Rule 12(f) is an inappropriate mechanism for disposing of class allegations. *See, e.g.*, *Rosales v. Fitflop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012) (citation omitted) ("[S]uch a motion appears to allow parties a way to circumvent Rule 23 in order to make a determination of the suitability of proceeding as a class action without actually considering the motion for class certification."); *Petit v. S. FL Express Bankserv, Inc.*, No. 6:08-CV-721-ORL-31GJK, 2009 WL 1862300, at *1 (M.D. Fla. June 25, 2009); *Great Am. Assur. Co. v. Elliott,* No. 03:09–CV–77, 2009 WL 1653573, at *1 (M.D. Fla. June 10, 2009) (citing *Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chem. Corp.,* 684 F.2d 776 (11th Cir. 1982)). This well-established precedent is discussed in more detail below.

Further, "[a]s with other Rule 12 motions to dismiss, a Rule 12(f) motion to strike is generally disfavored." *Gloria v. Allstate County Mut. Ins. Co.*, Civ. Act. No. SA-99-CA-676-PM, 2000 WL 35754563, at *5 (W.D. Tex. Sept. 29, 2000). When "evaluating a motion to strike, the court must treat all well pleaded facts as admitted, and cannot consider matters beyond the pleadings." *Carlson Corp./Se. v. School Bd. of Seminole County, Fla.*, 778 F. Supp. 518, 519 (M.D. Fla. 1991)

3

(citation omitted).

**B.      Rule 23(d)(1)(D) is an even more demanding standard.**

The Rule 23(d)(1)(D) standard is even more demanding than the Rule 12(f) standard.  It is well settled that striking or dismissing class allegations under Rule 23 "at th[e pleading] . . . stage . . . is an *extreme* remedy appropriate only where a defendant demonstrates 'from the face of the complaint that it will be *impossible* to certify the classes alleged by the plaintiff regardless of the facts the plaintiff may be able to prove.'" *Lawson v. Life of the S. Ins. Co.*, No. 4:06-CV-42 WLS, 2012 WL 4483748, at *5 (M.D. Ga. Sept. 28, 2012) (emphasis added) (quoting *Oginski v. Paragon Props. of Costa Rica, LLC,* Nos. 10–21720–CIV, 11–60647–CIV, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9, 2011)).

"For a court to inquire into certification prior to discovery, the issues must be plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Lawson*, 2012 WL 4483748 at *5 (quoting *Lumpkin v. E.I. Du Pont de Nemours & Co.*, 161 F.R.D. 480, 481 (M.D. Ga. 1995)) (internal punctuation omitted); *see also Oginski*, 2011 WL 3489541, at *3 (holding "Defendants' arguments related to Plaintiff class allegations are better suited to an opposition to a motion for class certification, rather than as a basis for a motion to dismiss.").

4

C.    **FCRA should be construed liberally.**

Two of Peters' principal claims are brought under the Fair Credit Reporting Act ("FCRA").  In enacting FCRA in 1970, Congress was concerned with fairness, impartiality, and respect for consumers' rights to privacy. *See* 15 U.S.C. § 1681, *et seq*.  Because of the need to advance these consumer-oriented objectives, and FCRA's general purpose to protect consumers from the disclosure of private information, courts construe FCRA liberally.  *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

## <u>ARGUMENTS AND AUTHORITIES</u>

A.    **St. Joseph's attack on class certification is premature.**

      1.    **Motions to strike class allegations at this stage are disfavored.**

Federal courts across the country have recognized that motions to strike often seek drastic remedies and are "not favored, often being considered 'time wasters.'" *Carlson Corp./Se. v. School Bd. of Seminole County, Fla.,* 778 F. Supp. 518, 519 (M.D. Fla. 1991); *Petit*, 2009 WL 1862300, at *1; *see also Lane v. Page*, 272 F.R.D. 581, 596-97 (D.N.M. 2011) (observing that while motions to dismiss "help resolve cases, motions to strike, in most cases, waste everyone's time").

For example, in *Whittlestone,* in response to defendant's attempt to use Rule 12(f) to strike allegedly defective damages claims, the Ninth Circuit stated: "Rule 12(f) does not authorize district courts to strike claims for damages on the ground

that such claims are precluded as a matter of law." 618 F.3d 970, 974 (9th Cir. 2010).

More pertinent here, motions to strike class allegations at the outset of a case are even more disfavored because courts are rarely in a position to rule on certification in the early stages of proceedings as discovery is necessary before a court may properly consider certification. *See*, *e.g.*, *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (the "advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence [obtained through discovery] as to whether a class action was maintainable"); *Int'l Woodworkers of Am., AFL-CIO v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1268 (4th Cir. 1981) ("[i]t is seldom, if ever, possible to resolve class representation questions from the pleadings"); *Francis v. Mead Johnson & Co.*, No. 10-cv-00701, 2010 WL 3733023, at *1 (D. Colo. Sept. 10, 2010) (a "motion to strike class allegations under Rule 12(f) is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of … litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete discovery to which they would otherwise be entitled on questions relevant to class certification").

    **2.**    **District courts within this Circuit routinely choose to develop a record, rather than preemptively strike class allegations.**

District courts within the Fifth Circuit similarly recognize the need to

develop facts relating to class certification before striking class allegations.  For example, in *Lang v. DirecTV, Inc*., the court denied defendant's motion to strike class allegations, noting the "Fifth Circuit has observed. . .that 'in most cases a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action.'"  735 F. Supp. 2d 421, 438 (E.D. La. 2010) (quoting *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982)).  The court, in *Lang*, ultimately held the motion to strike was premature because plaintiff had not moved for certification, and the record was not sufficiently developed for the court to determine whether certification was appropriate.  *Id*. at 439.

 Similarly, in *Schafer v. State Farm and Casualty Company*, the court denied a motion to strike class allegations because it was premature, as "a hearing and proper record will be necessary to decide certification issues."  507 F. Supp. 2d 587, 592 (E.D. La. 2007).  *See also Nguyen v. St. Paul Travelers Ins. Co*., Civ. Act. No. 06-4130, 2007 WL 3275133, at *8 (E.D. La. Nov. 5, 2007) (holding that motion to strike class allegations was premature); *Pinero v. Jackson Hewitt Tax Service Inc*., 638 F. Supp. 2d 632, 641 (E.D. La. 2009) (same).

**3.    Courts from other jurisdictions also prefer to develop a record, rather than strike class allegations at an early stage.**

Numerous district courts outside the Fifth Circuit also discourage striking class allegations in the early stages of litigation.  *See, e.g., Graves v. Southern & Pacific Specialty Finance, Inc.,* No. 13-1159, 2013 WL 5945851 at *4, (N.D. Cal.

Nov. 4, 2013) ("While class allegations may be stricken at the pleading stage, the granting of a motion to dismiss or strike class allegations before discovery has commenced should be done rarely."); *Iniguez v. The CBE Group*, No. 2:13-CV-00843-JAM-AC, 2013 WL 4780785, at *6 (E.D. Cal. Sept. 5, 2013) ("Dismissing class allegations at the pleading stage, however, is rare because the parties have not yet engaged in discovery and the shape of a class action is often driven by the facts of a particular case."); *Holt v. Globalinx Pet, LLC*, No. SACV13–0041 DOC (JPRx), 2013 WL 3947196, at *3 (C.D. Cal. July 30, 2013) (refusing to strike class allegations, explaining "this Court must not rule on the adequacy of the class certification until both parties have been afforded an adequate opportunity for discovery on the issue"); *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle.").

Notably, the defendant, in *Andrews v. Home Depot U.S.A., Inc.*, made the exact same argument St. Joseph makes here, *i.e.*, that "it is apparent from the face of the Complaint that Plaintiffs cannot maintain a class action under Rule 23(b)(1), 23(b)(2), or 23(b)(3)." No. 03-CV-5200 (DMC), 2005 WL 1490474, at *2 (D.N.J. Jun. 20, 2005). Accepting the facts pled in the complaint as true, *see id.* at *3, the court denied the motion as procedurally premature:

> [T]he shape and form of a class action evolves only through the process of discovery. After conducting discovery, Plaintiffs in fact

> may be unable to satisfy the strict requirements of Rule 23. Yet at this juncture, and in consideration of the allegations of the Complaint in the light most favorable to Plaintiffs, the Court can envision a situation in which a hybrid class action might be maintained under Rule 23(c)(4). It does not appear beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations." Dismissal of the class action allegations would be premature at this stage of the litigation and is not appropriate.

*Id.* at *3 (internal citations omitted).

Similarly, the defendant, in *Neale v. Volvo Cars of North America, LLC*, argued that "it will be impossible for Plaintiffs to meet the requirements necessary for class certification." No. 10-4407, 2011 WL 1362470, at *1 (D.N.J. Apr. 11, 2011). In denying the motion, the district court explained that these arguments could not be decided "without a factual record," *id.* at *2, and "to disallow certification before it has even been requested seems to the Court like putting the cart before the horse." *Id.*

In sum, courts from a number of different jurisdictions have made clear that dismissal of class allegations at this stage should be done *rarely*, and the better course is to deny such a motion because "the shape and form of a class action evolves only through the process of discovery." *Andrews*, 2005 WL 1490474, at *3 (internal citations omitted).

### 4. Striking class allegations at an early stage also is inconsistent with at least two aspects of Rule 23.

Striking class allegations at this stage also is inconsistent with at least two

9

aspects of Rule 23.  First, because the Court is required to conduct a "rigorous analysis" of the Rule 23 requirements, *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011), it is axiomatic that federal courts are reluctant to strike class allegations before, like here, anything significant has transpired in the case or any discovery has taken place.  *See Graves*, 2013 WL 5945851, at *4 (finding motion to strike class allegations "premature given that Defendant has not filed an answer to the complaint, discovery has not yet commenced, and no motion for class certification has been filed"); *Cholakyan v. Mercedes–Benz USA, LLC*, 796 F. Supp. 2d 1220, 1246 (C.D. Cal. 2011) (motion to strike class allegations was premature where defendant had not filed an answer and discovery had not begun); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007) (refusing to strike class allegations the court viewed as "suspicious" because "Wal–Mart has not answered in this case, discovery has not yet commenced, and no motion for class certification has been filed.  In the absence of any discovery or specific arguments related to class certification, the Court is not prepared to rule on the propriety of the class allegations and explicitly reserves such a ruling"); *Moreno v. Baca*, No. CV007149ABCCWX, 2000 WL 33356835, at *2 (C.D. Cal. Oct. 13, 2000) (defendants' motion to strike class allegations was premature because a class certification motion was not before the court).

Second, federal courts have recognized the need to develop facts relating to

10

class certification is written into, and facilitated by, Rule 23.  *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000) (observing that "Rule 23(c)(1) specifically empowers district courts to alter or amend class certification orders at any time prior to a decision on the merits. . .because the scope and contour of a class may change radically as discovery progresses and more information is gathered about the nature of the putative class members' claims."); *accord Pottinger v. City of Miami*, 720 F. Supp. 955, 960 (S.D. Fla. 1989).  Thus, because "the shape and form of a class action evolves only through the process of discovery … it is premature to [dispose of class allegations] before the claim has taken form." *Motisola Malikha Abdallah v. Coca-Cola Co.,* No. 1:98-CV-3679, 1999 WL 527835, at *1 (N.D. Ga. July 16, 1999) (citing *Jones v. Diamond,* 519 F.2d 1090, 1098 (5th Cir. 1975)); *Kelly v. SabreTech Inc.*, 195 F.R.D. 48, 52 (S.D. Fla. 1999).

Here, the Court should refrain from deciding the sufficiency of Peters' class allegations on such a scant record.  While no one knows with certainty what discovery will unearth, it is likely Peters, at the very least, will obtain critical information about St. Joseph's information systems, St. Joseph's hardware, software, policies, procedures, and protocols for safeguarding and protecting its patients' and employees' PII/PHI (or lack thereof), the pertinent industry standards and whether St. Joseph complied with them, the specific circumstances surrounding St. Joseph's unauthorized disclosure of her PII/PHI in the Data Breach, and the

11

corresponding notification of Peters and Class Members—all of which are uniform to her and the Class Members.

All of these facts bear on class certification, and should be developed before the Court determines whether certification is appropriate.  If it turns out that there are issues with Peters' class allegations, it is more appropriate for the Court to rule on them after the record is developed, and the arguments are properly presented at the certification stage.  *In re Wal-Mart Stores*, 505 F. Supp. 2d at 615–16.

**5.      St. Joseph's cited cases are easily distinguished.**

Each of the three cases St. Joseph cites in support of preemptively striking Peters' class allegations are easily distinguished from this case.  *See* St. Joseph's Motion at 6.  For example, *Pilgrim v. United Health Card, LLC* involved a nationwide class in which the laws of all 50 states would have had to be applied on a plaintiff-by-plaintiff basis.  660 F.3d 943, 949 (6th Cir. 2011).  The Sixth Circuit held this fundamental defect could not be cured by more discovery and litigation; accordingly, it struck the class allegations.  In stark contrast, this class action is concentrated in one state (Texas), and alleges only Texas law and a uniform federal statute (FCRA).

*Vanderbrink v. State Farm Mutual Auto Insurance Company* was a hopelessly individualized putative class action.    2012 WL 3156596 (M.D. Fla. Aug. 3, 2012).  Each class member had been involved in an automobile accident,

and received a payment from the insurance company and a litigation settlement for which the insurance company claimed a subrogation interest. *Id*. at *3. The putative class action required determining whether each class member was "made whole" in his/her respective litigation settlement, which required comparing each class member's settlement amount to his/her particular personal injury. *Id*. The district court found this highly individualized inquiry was fatal to forming a class that could not be fixed by discovery. *Id*. This case, on the other hand, does not involve a fact scenario remotely close to the individualized inquiry in *Vanderbrink*.

Finally, in *Aguilar v. Allstate Fire & Casualty Insurance Company*, the district court struck class allegations involving the adjustment of homeowners' property damage insurance claims based on Hurricane Katrina. Civ. Act. No. 06-4660, 2007 WL 734809, at *3 (E.D. La. Mar. 6, 2007). Notably, the court had recently stricken similar allegations based on the same exact claims against another home insurer. *Id*. In contrast, St. Joseph does not cite any remotely analogous case where a court struck class allegations similar to those Peters alleges here. St. Joseph's cases are a monumental stretch and should be disregarded.

## B.    St. Joseph does not prove certification is impossible.

St. Joseph essentially argues the Court should strike the class allegations unless Peters can prove right here, right now that this putative class should be certified. St. Joseph does so despite its lofty burden to prove that class certification

13

is *impossible* on the face of Peters' Complaint.  *See*, *e.g.*, *Lawson*, 2012 WL 4483748, at *5.

Of course, Peters is not required to establish certification is appropriate at this stage.  Rather, she will move for certification consistent with the Court's scheduling order and explain, at that time, following appropriate discovery, why certification is warranted.  St. Joseph's failure to establish the impossibility of certification alone is fatal to its attempt to frontload certification without discovery.

Nevertheless, St. Joseph presses forward and objects to certification on the following four supposed grounds, each of which fails at this stage of the litigation.

### 1.   It is premature to rule out injunctive relief.

St. Joseph makes much of the fact that injunctive relief allegedly is not available here because Peters seeks monetary damages and, in the alternative, injunctive relief.  St. Joseph Motion at 6-10.  However, without *any* factual record, neither Peters, nor St. Joseph, is in a position to presently determine whether the appropriate relief in this case is an injunction (certifiable under Rule 23(b)(2)), monetary damages (certifiable under Rule 23(b)(3)), or both.  Peters seeks both forms of relief.  In the absence of discovery, St. Joseph cannot at this point show that certification under either Rule 23(b)(2) or Rule 23(b)(3) is *impossible*.

In *Alison v. Citgo Petroleum Corp.,* 151 F.3d 402 (5th Cir. 1998), the Fifth Circuit explained that a plaintiff can bring a class action seeking injunctive relief

along with a claim for monetary damages if the damages are "incidental."  151

F.3d 402, 411 (5th Cir. 1998).  The Court further explained:

> By incidental, we mean damages that flow directly from liability to
> the class *as a whole* on the claims forming the basis of the injunctive
> or declaratory relief.  Ideally, incidental damages should be only those
> to which class members automatically would be entitled once liability
> to the class (or subclass) as a whole is established. . . .Liability for
> incidental damages should not require additional hearings to resolve
> the disparate merits of each individual's case; it should neither
> introduce new and substantial legal or factual issues, nor entail
> complex individualized determinations. Thus, the individual damages
> will, by definition, be more in the nature of a group remedy,
> consistent with the forms of relief intended for (b)(2) class actions.

*Id.* at 415 (citations omitted).  Based on this scant record, the Parties and the Court

are not in a position to determine whether the monetary damages sought here are

incidental under the Fifth Circuit standard.  Hence, this Court should not strike the

injunctive relief class allegations at this point, but rather, make the determination

once a sufficient record is developed.

### 2.    Peters can—and does—show harm.

St. Joseph briefly references its Rule 12(b)(1) Motion to Dismiss ("MTD"),

arguing that due to an alleged lack of standing, Peters cannot show any harm.  St.

Joseph Motion at 2.  But, St. Joseph's argument presupposes it will prevail on its

MTD, which it will not.  In her Complaint and MTD response, which Peters

incorporates by reference, Peters establishes that the Data Breach inflicted injury

and harm on her (and the Class Members) that confer Article III standing to assert

her claims.  St. Joseph goes no further in developing its argument—which should be disregarded.

### 3.     St. Joseph does not show Peters cannot possibly establish the predominance of common questions of law and fact.

To prevail in its effort to strike Peters' class allegations now, St. Joseph must show certification is impossible.  It is well settled that striking or dismissing class allegations under Rule 23 "at th[e pleading] . . . stage . . . is an *extreme* remedy appropriate only where a defendant demonstrates 'from the face of the complaint that it will be *impossible* to certify the classes alleged by the plaintiff regardless of the facts the plaintiff may be able to prove.'" *Lawson v. Life of the S. Ins. Co.*, No. 4:06-CV-42 WLS, 2012 WL 4483748, at *5 (M.D. Ga. Sept. 28, 2012) (emphasis added) (quoting *Oginski v. Paragon Props. of Costa Rica, LLC,* Nos. 10–21720–CIV, 11–60647–CIV, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9 2011)).  St. Joseph fails to show it will be impossible for Peters to establish the predominance of common legal and factual issues.

As an initial matter, numerous federal courts have rejected the same argument in data breach cases.  For example, in *Worix v. MedAssets, Inc.*, the court refused to strike class allegations early on.  869 F. Supp. 2d 893 (N.D. Ill. 2012). In *Worix*, a hard drive was stolen that contained the PII/PHI of patients, similar to the facts here.  *See id*. at 894.  The defendant sought to dismiss the class allegations, but the district court refused, holding it was premature to do so before

16

discovery.  *See id*. at 901.

Similarly, in *Ruiz v. Gap, Inc*., another data breach case, the court declined to strike class allegations at the outset of the case.  No. 07-5739-SC, 2008 WL 4449599 (N.D. Cal. Oct. 2, 2008).  In *Ruiz*, two laptop computers from a Gap vendor containing the PII of 800,000 Gap job applicants, including Social Security numbers, was stolen.  *See id*. at *1.  The defendant sought to strike the class allegations at the outset of the case, but the court refused, finding the defendant was prematurely attempting to litigate class certification. *See id*. at *2.

In *Korman v. Walking Company*, yet another data breach case, the court held it was premature to preemptively strike plaintiff's class allegations.  503 F. Supp. 2d 755 (E.D. Pa. 2007).  In *Korman*, the defendant allegedly violated the Fair and Accurate Credit Transactions Act of 2003 (FACTA), a subset of FCRA.  *See id*. at 757.  The defendant moved to strike the class allegations at the outset of the case. The court refused, citing numerous cases from other jurisdictions holding such motions are premature, observing:

> Indeed, Wright & Miller note that courts usually employ Rule 23(d)(4) to strike class allegations *after* the court has determined, under Rule 23(c)(1), that maintenance of a class action is inappropriate.

*Id.* at 762 (emphasis in original) (citing 7B Charles A. Wright, Arthur R. Miller and Mary Kane, FEDERAL PRACTICE & PROCEDURE §1795 (3d ed. 2005)).  The court further held that "Rule 23(d)(4) is the procedural mechanism for striking

class allegations from the complaint *once the Court determines that maintenance of the action as a class is inappropriate*." *Id.* (emphasis in original).

In each of these data breach cases, the courts found they were not in a position to determine at the outset of the litigation that it would be impossible for plaintiffs to ultimately establish class certification was appropriate.  Like the preemptive motions to strike in these cases, St. Joseph's Motion to Strike is premature.  St. Joseph's attempt to prematurely litigate certification should be denied, as it did not—and cannot—come close to establishing it will be impossible for Peters to later show her proposed class should be certified.

The two cases cited by St. Joseph in support of this argument are easily distinguished.  Both of them were decided at the *certification* stage of the proceedings, not at the outset of the case.  *See Stollenwerk v. TriWest Healthcare Alliance*, CV-03-0185- PHX-SRB (D. Ariz. June 10, 2008); *In re TJX Cos. Retail Security Breach Litigation*, 246 F.R.D. 389, 396-97 (D. Mass. 2007).  Neither of these cases support St. Joseph's argument for preemptive dismissal of Peters' class allegations now.

### 4.    St. Joseph does not show Peters cannot possibly establish superiority.

St. Joseph also asserts a bare-bones argument suggesting Peters cannot establish that a class action is superior to case-by-case litigation here.  St. Joseph Motion at 18.   But this presupposes the actual existence of the alleged

individualized causation and damages issues conjured up by St. Joseph.  St. Joseph also does not cite any law supporting its argument, nor develops the argument aside from a brief reference.  The review of the Parties' respective arguments on predominance should be reserved until the certification stage.

**C.     St. Joseph cites no on point authority supporting its request to strike the class allegations at this point in the litigation under these facts.**

St. Joseph does not cite any on point authority wherein a district court, in circumstances similar to this case, did what St. Joseph asks this Court to do.  St. Joseph specifically does not cite a data breach case wherein a district court struck class allegations at the outset of the litigation, with no record developed, by concluding that certification was impossible based on a scant record.  Accordingly, this Court should reject St. Joseph's request here.

**WHEREFORE,** Plaintiff Beverly T. Peters, on behalf of herself and Class Members, respectfully requests this Court to (i) deny St. Joseph's Motion to Class Strike and/or to Deny Certification, and (ii) grant her such other relief to which she is justly entitled.

Date:  August 29, 2014

Respectfully submitted,

By:  */s/ Richard L. Coffman*
Richard L. Coffman
**THE COFFMAN LAW FIRM**
Texas Bar No. 04497460
Federal Bar No. 12055
505 Orleans St., Ste. 505
Beaumont, TX 77701
Telephone: (409) 833-7700
Facsimile: (866) 835-8250
Email: rcoffman@coffmanlawfirm.com

Mitchell A. Toups
**WELLER, GREEN, TOUPS & TERRELL, LLP**
Texas Bar No. 20151600
Federal Bar No. 2457
2615 Calder Ave., Suite 400
Beaumont, TX 77702
Telephone: (409) 838-0101
Facsimile: (409) 838-6780
Email: matoups@wgttlaw.com

Jason Webster
**THE WEBSTER LAW FIRM**
Texas Bar No. 24033318
Federal Bar No. 568715
6200 Savoy, Suite 515
Houston, TX 77036
Telephone: (713) 581-3900
Facsimile: (713) 409-6464
Email: jwebster@thewebsterlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of Plaintiff's Response in Opposition to Defendants' Motion to Class Strike and/or to Deny Certification was served on the following counsel of record, via the Court's ECF System, on August 29, 2014.

/s/*Richard L. Coffman*
Richard L. Coffman

Kent Adams
Kristie Johnson
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Weslayan Tower, Suite 1400
24 East Greenway Plaza
Houston, Texas 77046
Telephone:  (713) 659-6767
Facsimile:  (713) 759-6830
Email:  Kent.adams@lewisbrisbois.com
Email:  Kristie.johnson@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANTS**