IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BEVERLY T. PETERS, individually and on behalf of others similarly situated, § § § § | |
| PLAINTIFF § | CASE NO. 03:14-CV-00114 |
| § | |
| vs. § | JURY DEMANDED |
| § | |
| ST. JOSEPH SERVICES CORP. d/b/a ST. JOSEPH HEALTH SYSTEM and ST. JOSEPH REGIONAL HEALTH CENTER, § § § § § | |
| DEFENDANTS § | |

### DEFENDANTS' ST. JOSEPH SERVICES CORP. AND ST. JOSEPH REGIONAL HEALTH CENTER CONSOLIDATED REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANTS' PENDING MOTIONS

COME NOW Defendants St. Joseph Services Corp. d/b/a St. Joseph Health System and St. Joseph Regional Health Center (collectively "St. Joseph" or "Defendants"), who make this Consolidated Reply to Plaintiff's Responses to Defendants' Pending Motions, and pursuant to the Federal Rules of Civil Procedure, show as follows:

I.

Plaintiff has failed to state a claim upon which relief may be granted under the FCRA. Without a valid FCRA claim, there is no federal question jurisdiction, and this suit should be dismissed in its entirety.

## II.

Plaintiff has cited no compelling authority or dispositive precedent finding a health service provider, such as St. Joseph, to be a "consumer reporting agency" under FCRA. And for good reason – the statutory definition of a "consumer reporting agency" cannot be met and the case law is not in Plaintiff's favor.

In a similar alleged data breach case, the court found that a health service provider is not a "consumer reporting agency" under FCRA. *Garnett v. Millenium Med. Mgm't Res., Inc.*, 2010 WL 5140055, at *2 (N.D. Ill. Dec. 9, 2010). In *Garnett*, the court held that the health service provider did not regularly engage in the practice of assembling or evaluating consumer credit information. *Id.* (citing *D'Angelo v. Wilmington Med. Ctr., Inc.*, 515 F.Supp. 1250, 1253 (D.Del.1981); *Mitchell v. Surety Acceptance Corp.*, 838 F.Supp. 497, 500 (D.Colo.1993)). Instead, as relevant here, the *Garnett* defendant only provided consumer services to the plaintiffs. *Id.* Finally, the court found that the plaintiff's conclusory allegations of organizing information for purposes of providing consumer reports was not sufficient to warrant "consumer reporting agency" status. *Id.* In the present case, Plaintiff suffers from the same deficiencies.

Also in the realm of data breach cases, courts have found that "data hacking" and theft are not considered "furnishing" under FCRA. See e.g. *Willingham v.*

*Global Payments, Inc.*, 1:12-CV-01157-RWS, 2013 WL 440702 (N.D. Ga. Feb. 5, 2013). *Willingham* involved an electronic payment processing company which experienced a data breach, where private financial information was disclosed. *Id.* at 1. The court in the case held that the FCRA claim must be dismissed on 12(b)(6) grounds because no "furnishing" of information had occurred. *Id.* at 13. Also, in the *Holmes* data breach case, the issue of whether a defendant "furnished" information via "data hacking" was analyzed. *Holmes v. Countrywide Fin. Corp.*, 5:08-CV-00205-R, 2012 WL 2873892, at *2 (W.D. Ky. July 12, 2012). The *Holmes* court similarly held that there was no "furnishing," of information, as the information had been taken in an unauthorized fashion, not "furnished" or transmitted by the defendant. *Id.* at. 16. In the same respect, the allegations in the present case involve the criminal hacking of St. Joseph's server by unknown person(s) outside of the St. Joseph system, who allegedly gained access to confidential patient information. Therefore, in accordance with the above-referenced cases, there was no "furnishing" of information by St. Joseph (to the unauthorized "hackers,") necessary for application of the FCRA.

Plaintiff's reliance on *Rowe v. UniCare Life & Health Ins. Co* and *Ori v. Fifth Third Bank* is misplaced, as neither involved a health care service provider or a data breach. *Rowe* involved an insurance provider, who accidently placed the plaintiff's private information on a website which could be accessed by the public.

*Rowe v. UniCare Life & Health Ins. Co.*, No. 09 C 2286, 2010 WL 86391 (N.D. Ill. Jan. 5, 2010). The plaintiff did not allege that the information was stolen. *Id.* Defendants argued that for the activity to constitute a "communication," there would have to have been an "audience" who received the information. The court however found that there was only an "inference" that information had been accessed.

In the *Ori* case from Wisconsin, the argument centered on whether a "reseller" was a consumer reporting agency. *Ori v. Fifth Third Bank*, 674 F.Supp.2d 1095, 1097-98 (E.D. Wis. 2009). The Court found the reseller is a consumer reporting agency. *Id.* Defendant in this case is not a "reseller."

While this Court most certainly has **discretion** to exercise supplemental jurisdiction over state-law claims when no remaining federal claims exist, the Supreme Court and Fifth Circuit have held that when federal claims are dismissed, "state claims **should be dismissed as well.**" *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998). Plaintiff has failed to demonstrate that this Court should retain the case, at this preliminary stage of the proceedings, should the FCRA claims be dismissed. The Texas State Courts are suitable and capable of interpreting all remaining Texas and common law claims should the FCRA claims be dismissed, therefore the

applicable law in this Circuit supports the conclusion that all remaining claims in this matter should be dismissed, when FCRA claims are dismissed.

### III.

Assuming this Court finds Plaintiff has no valid FCRA claim, and therefore no Federal question jurisdiction, this Court should dismiss the suit in its entirety as there is no reason for this Court to entertain purely state and common law causes of action. Accordingly, Defendants respectfully request that this Court grant its previously filed Rule 12(b)(6) motion, dismissing the FCRA cause of action asserted in said motion, and dismissing any remaining pendent state law claims, as well as any other relief, in law or in equity, Defendants may show themselves to be justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

/s/ *Kent M. Adams*
_____

KENT M. ADAMS
kent.adams@lewisbrisbois.com
Federal Bar No. 246
Texas Bar No. 00869200
KRISTIE E. JOHNSON
kristie.johnson@lewisbrisbois.com
Federal Bar No. 35404
Texas Bar No. 24038382
Weslayan Tower, Suite 1400
24 East Greenway Plaza
Houston, Texas 77046
(713) 659-6767  Telephone
(713) 759-6830  Facsimile

**ATTORNEYS FOR DEFENDANTS,
ST. JOSEPH SERVICES CORP. &
ST. JOSEPH REGIONAL HEALTH CENTER**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on this the 10th day of September 2014, in the following manner:

| | |
|---|---|
| Richard L. Coffman<br>The Coffman Law Firm<br>505 Orleans St., Ste. 505<br>Beaumont, Texas 77701 | Via U.S. Pacer System |
| Mitchell A. Toups<br>Weller, Green, Toups & Terrell, LLP<br>2615 Calder Ave., Suite 400<br>Beaumont, Texas 77702 | Via U.S. Pacer System |
| Jason Webster<br>The Webster Law Firm<br>6200 Savoy, Suite 515<br>Houston, Texas 77036 | Via U.S. Pacer System |

*Kent M. Adams*
_____
KENT M. ADAMS