IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BEVERLY T. PETERS, individually and on behalf of all others similarly situated, <br><br> PLAINTIFF <br><br> v. <br><br> ST. JOSEPH SERVICES CORP. d/b/a ST. JOSEPH HEALTH SYSTEM and ST. JOSEPH REGIONAL HEALTH CENTER, <br><br> DEFENDANTS | CASE NO.: 4:14-cv-02872 <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to FED. R. CIV. P. 41(a)(2), Plaintiff Beverly T. Peters ("Plaintiff") respectfully moves to dismiss all of her claims and causes of action in this matter, without prejudice, and respectfully shows the following:

### INTRODUCTION

This is a Texas-only class action brought on behalf of approximately 405,000 Texans whose personally identifiable information ("PII") and protected health information ("PHI") were wrongfully disclosed by Defendants without authorization. Plaintiff, on behalf of herself and the putative Class, asserts claims for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), Texas statutory law, and Texas common law. *See* First Amended Class Action Complaint (Doc. #22) ("Complaint").

This Court's 28 U.S.C. § 1331 federal question jurisdiction is predicated solely on Plaintiff's FCRA claims. *Id*. at ¶ 9. Plaintiff, however, no longer desires to pursue her FCRA claims. Rather, Plaintiff desires to dismiss her FCRA claims, and pursue her remaining Texas statutory and common law claims in a Texas state district court. Plaintiff does not intend to re-file her FCRA claims (or any other federal law claims) in state court.

Defendants argue in their Rule 12(b)(6) briefing that dismissal of Plaintiff's FCRA claims would divest the Court of subject matter jurisdiction, and the case should be dismissed. *See* Doc. #27 at 2, 3-4, 12-13, 14 ("Upon dismissal of Plaintiff's FCRA claims, all of Plaintiff's federal question claims before this Court fail, and federal question jurisdiction is lost. Therefore, in accordance with the law of this Circuit, Plaintiff's pendent state law causes of action should likewise be dismissed for lack of jurisdiction."), and 25-26; Doc. #39 at 1, 4 and 5.

Defendants filed a conditional answer (Doc. #28), but, notwithstanding the "lack of jurisdiction" arguments in their Rule 12(b)(6) briefing, Defendants refuse to stipulate to a Rule 41(a)(1)(A)(ii) dismissal. Plaintiff, therefore, respectfully moves to dismiss this case, without prejudice.

## PRCEDURAL HISTORY

This case was filed in the Galveston Division of the Southern District of Texas on March 30, 2014. After Plaintiff amended her Complaint (Doc. #22), Defendants filed, as their collective response, five motions; to wit, a motion to transfer venue (Doc. #23), motion to strike (Doc. #24), motion to strike or deny class certification (Doc. #25), Rule 12(b)(1) motion to dismiss (Doc. #26), and Rule 12(b)(6) motion to dismiss (Doc. #27). Defendants also filed an Answer subject to their slate of motions (Doc. #28).

After Defendants' motions were fully briefed, the Honorable Gregg Costa, on October 7, 2014, conducted a status conference, wherein he only addressed, and granted, Defendants' motion to transfer this case to the Houston Division. *See* Doc. #43. Defendants have not filed any counterclaims, nor have the Parties conducted any discovery. Defendants' other motions (Doc. ## 24-27) remain pending.

## **STANDARD OF REVIEW**

Rule 41(a)(2) provides, in relevant part, that short of a stipulation by the Parties, after a defendant files an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See In re FEMA Trailer Formaldahyde Products Liab. Litig.,* 628 F.3d 157, 162 (5th Cir. 2010). "The decision to dismiss an action [pursuant to Federal Rule of Civil Procedure 41(a)(2)] rests within the sound discretion of the trial court … ." *Schwarz v. Folloder,* 767 F.2d 125, 129 (5th Cir.1985) (citation omitted).

Voluntary dismissals "should be freely granted," but a plaintiff's request should not be allowed if "the non-moving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir. 2002). Plain legal prejudice may occur when a plaintiff moves to dismiss a suit at a late stage of the proceedings, seeks to avoid an imminent adverse ruling, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense. *In re FEMA Trailer,* 628 F.3d at 162. The "primary purpose" of this rule is to avoid "voluntary dismissals which unfairly affect the other side." *Elbaor,* 279 F.3d at 317 (internal quotation marks and citation omitted).

For example, if a plaintiff "fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to

3

grant a voluntary dismissal." *Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 199 (5th Cir. 1991). On the other hand, plain legal prejudice does not include the mere prospect of a second suit or the mere incursion of expense. *Elbaor,* 279 F.3d at 317 & n. 3. If the district court determines an unconditional dismissal will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice. *Id.* at 317–18.

## ARGUMENTS AND AUTHORITIES

Here, Plaintiff desires to dismiss her FCRA claims, and pursue her remaining Texas statutory and common law claims in state court. *See, e.g., Richardson v. Bridges*, No. 5:09CV186, 2010 WL 5247519, at *1 (E.D. Tex. June 14, 2010) (dismissing plaintiffs' claims, without prejudice, under Rule 41(a)(2) because plaintiffs' intended to pursue their remaining Texas common law claims in state court).

Plaintiff indisputably moves to dismiss this suit at an early stage of the proceedings. The case has not progressed beyond the pleading stage. Defendants' substantive motions filed in response to Plaintiff's Complaint have not been decided. Defendants have not filed any counterclaims, nor have the Parties conducted any discovery.

Plaintiff also does not seek to avoid an imminent adverse ruling, nor would refiling the suit in state court deprive Defendant of a limitations defense. The data breach forming the basis of Plaintiff's Complaint occurred in December 2013. *See* Doc. #22 at ¶41. Less than a year has elapsed. Defendants have no limitations defense, nor do they assert one in their Answer. *See* Doc. #28.

Dismissal, without prejudice, will not cause Defendants "plain legal prejudice" and, in fact, would be consistent with the dismissal arguments in their Rule 12(b)(6) briefing.

\*\*\*

**WHEREFORE**, Plaintiff Beverly T. Peters respectfully requests the Court to (i) dismiss all of her claims and causes of action in this matter, without prejudice, and (ii) grant her such other and further relief to which she is justly entitled.

Date:  October 31, 2014

        Respectfully submitted,

        /s/  *Richard L. Coffman*
        Richard L. Coffman
        **THE COFFMAN LAW FIRM**
        Texas Bar No. 04497460
        Federal Bar No. 12055
        505 Orleans St., Ste. 505
        Beaumont, TX 77701
        Telephone: (409) 833-7700
        Facsimile: (866) 835-8250
        Email: rcoffman@coffmanlawfirm.com

        Mitchell A. Toups
        **WELLER, GREEN, TOUPS & TERRELL, LLP**
        Texas Bar No. 20151600
        Federal Bar No. 2457
        2615 Calder Ave., Suite 400
        Beaumont, TX 77702
        Telephone: (409) 838-0101
        Facsimile: (409) 838-6780
        Email: matoups@wgttlaw.com

        Jason Webster
        **THE WEBSTER LAW FIRM**
        Texas Bar No. 24033318
        Federal Bar No. 568715
        6200 Savoy, Suite 515
        Houston, TX 77036
        Telephone: (713) 581-3900
        Facsimile: (713) 409-6464
        Email: jwebster@thewebsterlawfirm.com

        **ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, I certify that on October 21, 2014, I conferred with Kristie Johnson, Counsel for Defendants, regarding Plaintiff's desire to dismiss this action, and the Parties filing a Rule 41(a)(1)(ii) Stipulation of Dismissal since Defendants have filed an answer subject to their pending motions. Ms. Johnson promised to "get back with me in the next couple of days." She never did. On October 22, 2014, I followed up with Kent Adams, Lead Counsel for Defendants, via email, regarding Plaintiff's desire to dismiss this action, and the Parties filing a Rule 41(a)(1)(ii) Stipulation of Dismissal. I requested a response by close of business, Friday, October 24, 2014. I did not hear from Mr. Adams by that time. As such, the Parties' Counsel do not agree regarding this issue, which has necessitated the filing of this motion.

/s/ *Richard L. Coffman*
Richard L. Coffman

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Motion to Dismiss was served on all counsel of record, via the Court's ECF System, on October 31, 2014.

/s/ *Richard L. Coffman*
Richard L. Coffman

**4850-4393-2704, v. 1**